HENRY W. LANCEY *& al. versus* PHŒNIX FIRE INS. CO.

A fire policy was issued to L., the owner of the building insured. Subsequently L. sold one-half of the building to a partner, and formed the copartnership of L. & Co. At the expiration of the original policy, a renewal certificate was issued, reciting the receipt of the premium from " L. & Co.," the *continuation of* the *policy for* three *years,* and that the " renewal is made upon condition, that the original policy continues in force, and that there has been no change in the risk since first insured, not noticed on the policy and books of this company, otherwise this renewal is not binding." In an action to recover a loss under the renewal : — *Held,* that the insurers intended to continue the insurance on the property and on the terms and conditions expressed in the policy, but to the parties who paid the premium.

ON REPORT.

Lancey *v.* Phœnix Fire Ins. Co.

ASSUMPSIT, on a policy of insurance against fire.

It appeared on the part of the plaintiffs that, on May 5, 1862, one Procter, being holder of a lease for a term of years, of a certain lot on the corner of Middle and Lime streets, in Portland, leased the same to Lancey, one of the plaintiffs, at a certain rate, on condition that Lancey should erect a brick store thereon of a specified description; that Lancey erected the building in accordance with his covenant, and caused the same to be insured for three years from August 16, 1862, by the defendants, at the office of J. E. Dow & Sons, their agents in Portland; that Dow had full knowledge of the leasehold interest of the insured at the time of issuing the policy; that, in Feb., 1863, Ferguson Haines, the other plaintiff, purchased one-half of the stock in the store and also one-half of the building, and they then formed the co-partnership of H. Warren Lancey & Company; that Dow was notified of the change; that the renewal, of which the following is a copy, was first made to Lancey alone, and, before delivery, was changed to its present form.

"Received of H. Warren Lancey & Co., thirty dollars, being the premium on three thousand dollars, insured under policy No. 262, which is hereby continued in force for three years, to wit, from the sixteenth day of August, 1865, until the 16th day of August, 1868, at noon, but the same shall not be binding on the company until this scrip shall be countersigned by the agent of the company at Portland, Maine.

"Said renewal being made upon condition, that the original policy continues in force, and that there has been no change in the risk since first insured, not noticed on the policy and books of this company, or fully expressed in said application, otherwise this renewal is not binding.

"Philander Shaw, *Secretary.*

"Countersigned at Portland, the 16th day of August, 1865. John E. Dow & Son, *Agents.*"

That the building was destroyed by the great conflagration of July 4, 1866; that no objection was made to the

want of proof of loss; that there were no written articles of co-partnership between the members of the firm of H. Warren Lancey & Co., and no written conveyance of the store, except receipts given for money, showing what it was paid for; that the lease had sixteen years to run, and was worth from $8,000 to $10,000; that Haines paid the premium for the renewal from the funds of the firm.

Upon so much of the evidence as was legally admissible, the Court were to render judgment according to the legal rights of the parties.

*Shepley & Strout,* for the plaintiffs.

*Howard & Cleaves,* for the defendants, cited *Am. Ins. Co.* v. *Catlett,* 4 Wend., 82, and cases *infra; Finney* v. *Bedford Ins. Co.,* 8 Met., 348; 1 Phill. on Ins., 75; 2 Phill. on Ins, 583, 607; *Bell* v. *Ansley,* 16 East, 141. The renewal is not a new contract with the plaintiffs, but an agreement to continue in force the original contract, provided there had been no change. No parol evidence admissible. *Higginson* v. *Dall,* 13 Mass., 96; 1 Greenl. on Ev., § 275; 1 Phill. on Ins., 44, 74, (5th Ed.); *Finney* v. *Bedford, sup.*; 1 Phill. on Ins., 46; 1 Duer on Ins., 78; *Irving* v. *Excelsior Ins. Co.,* 1 Bosworth, 507; *Work* v. *Mer. M. F. Ins. Co.,* 11 Cush., 271; *Hutchinson* v. *Western Ins. Co.,* 21 Missouri, 97, 102; *Philbrook* v. *N. E. M. Ins. Co.,* 37 Maine 145.

DANFORTH, J.—On the 16th of August, 1862, a policy of insurance was issued by the defendants to Lancey, one of the plaintiffs. This expired on the sixteenth day of August, 1865, and on the same day a paper called a renewal certificate was issued by the same company for the purpose of continuing the policy for three years from that time. During this period the loss for which this action was commenced, took place. Will the contract sustain the action? This depends upon whether the plaintiffs are the parties insured. The original policy was issued to Lancey alone,

the action is in the name of Lancey & Company. The contract under which the plaintiffs claim and by virtue of which their action must be sustained, if at all, is found in the two papers referred to. The policy to Lancey had expired before the loss, and, of itself, was of no force. The renewal certificate is not complete in itself but refers to the policy and makes it a part of the contract. The two, then, are but parts of the same transaction and must be so construed as to make one contract and the one which was in force at the time of the fire. To whom does this insurance run? The consideration was paid by Lancey & Co. In the absence of any proof to the contrary, it is the legal presumption that the contract was made for the benefit of those who paid the consideration. Reading, then, the two instruments together, we can draw no other inference from the language used, than that the defendants intended to continue the insurance on the same property and on the same terms and conditions expressed in the policy, but to Lancey & Co. who paid the premium. In renewing the contract it was perfectly competent for the parties to make any changes they might see fit, and, if there is any inconsistency in the two papers, the latest must prevail. The former paper would be in force so far as it was adopted by the latter and no farther, and it is doing no violence to the language in the renewal continuing the policy, to understand it as referring to the contract of insurance, rather than the parties, while there would seem to be an inconsistency between the two papers if we refer it to the parties.

If there is any uncertainty as to the meaning of the language used, parol proof is admissible so far as is necessary to put the Court in the place of the parties. Parol evidence is also admissible to show for whose benefit the contract was made. 1 Greenl. Ev., §§ 282, 282 a.

The facts thus proved would seem to render it certain that the construction we have adopted is the correct one. With this view, the proof of loss, so far harmonizes that

we see no proof of fraud, or attempt at fraud, by false swearing or otherwise.

*Judgment for plaintiffs for $3000,*
*and interest from October 16, 1866.*

APPLETON, C. J., DICKERSON, BARROWS and TAPLEY, JJ., concurred.