TRADERS' INSURANCE COMPANY OF CHICAGO *v.* EDWARDS POST No. 22, GRAND ARMY OF THE REPUBLIC.

1. EVIDENCE. *Written contract. Contradictory provisions. Parol.*

Where a written contract contains two descriptions of the time during which it was to be operative, each of which is perfectly clear in itself but contradictory of the other, parol evidence is admissible, not to vary the contract nor to make a contract, but to show what the contract really was.

2. SAME. *Insurance policy. Ambiguity.*

Where a fire insurance policy by its terms insured property "for a term of three years, from the 14th day of January, 1903, to the 14th day of January, 1904," parol evidence was admissible in an action on the policy to show which of the two periods named therein was the one in contemplation of the parties.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Seventy-seven persons composing the unincorporated association known as the E. D. Edwards Post No. 22, Grand Army of the Republic, suing in the name of the association, the appellees, were plaintiffs in the court below; the insurance company, the appellant, was defendant there. From a judgment in plaintiffs' favor the defendant appealed to the supreme court.

The fire insurance policy insured on contained the following

clause: "Does insure E. D. Edwards Post No. 22, G. A. R., for the term of three years, from January 14, 1903, to January 14, 1904." Defendant pleaded the general issue, and gave notice thereunder that it would offer evidence to show that the policy was a one-year policy, and not a three-year policy, as alleged in the declaration, and that the property insured was destroyed by fire after the expiration of the one year. On the trial defendant offered evidence to sustain these facts, but the court below held the same incompetent.

*Harris Dickson,* for appellant.

There are two kinds of mistakes noted in the books, with a substantial difference between them:

1. One which prevents any contract at all from being made, because through error of both parties they have never stood on common ground. This apparent contract will be rescinded in equity, but will not be reformed; there is nothing to reform.

2. One which prevents a real contract from being properly expressed.

The first is what is known as "essential error," the second an "error of expression." If the case at bar falls within the first rule, then there is no contract at all, for the minds have never met, and of course no recovery can be had. The instrument is inoperative, and absolutely void.

If the case, however, comes within the second rule, and there is an ambiguous expression apparent on its face, then the court must put itself as nearly as possible in the situation of the parties to discover what contract was actually made and intended to be evidenced by the words employed. And parol evidence is the only method by which this end may be reached.

Appellant urges that if the case at bar falls within the first rule, then the contract is absolutely void, because the minds of the parties have never met, and because there is such an irreconcilable conflict in the terms of the instrument that the court cannot know how to construe or enforce it.

In note 4, Am. & Eng. Ency. Law, p. 289, vol. 2, we find: "It has been laid down as a general rule that extrinsic evidence is not admissible to remove a patent ambiguity, but that the instrument is inoperative and void."

But if the case falls within the second rule, if a valid and binding contract of insurance was entered into for the space of one year, but by mistake of defendant's clerk the written instrument, showing the error plainly upon its face, fails to properly express the contract, then it is a mere error of expression, and subject to correction by means of parol evidence.

Appellant respectfully insists that in this view of the case parol evidence is admissible for the purpose of putting the court in the position of the parties so that the court may construe the contract they have made.

There can be no doubt that this evidence would have been competent in a court of equity, had either party filed a bill to reform the written instrument so as to make it conform to the contract actually made. And there can be no sound reason applicable to this case why the rule should be different in a court of law.

The defendant below had no choice of forum, but was brought into a court of law, there to make the best possible defense permitted by the law. This is not a technical defense, but a substantial, meritorious, and perfect one.

In 17 Am. & Eng. Ency. Law, at p. 19, we find this proposition discussed, leading to the following conclusion: "It is now generally agreed that courts of law or equity may correct, merely as a matter of construction, obvious mistakes of a verbal or clerical character so as to bring all parts of the instrument into harmony with the manifest intention of the parties as gathered from the instrument itself, since greater regard is to be paid to the clear intent of the parties than to any particular words which they may have used in the expression of their intent." In support of this a number of cases are cited.

In 20 Am. & Eng. Ency. Law, at p. 805, we find this: "While

a court of law has no power to reform an instrument, yet, when a mistake of expression is obvious upon its face, the court may in effect correct it by giving to the instrument in an action upon it a construction which will effect the true intention of the parties."

And the intention of the parties can only be gathered from parol proof of their situation in reference to the subject-matter.

On p. 825 of the same volume we find this: "But unless the mistake be patent, a court of law, which never seeks to discover the intention of the parties except by a reasonable interpretation of. the words of their contract, will not hear either of them say that the writing does not correctly express their agreement."

In 21 Am. & Eng. Ency. Law, p. 1108, under the title "Parol Evidence," we find this: "When a court is called upon to construe an equivocal contract, it may not only look to the language employed, but may receive evidence explaining the subject-matter and surrounding circumstances, relations of the parties, and the inducing causes which led up to the making of the agreement, in order that the court may be placed as nearly as possible in the situation of the parties at the time, and be the better enabled to interpret their language as they understood it." *Ham* v. *Cerniglia,* 73 Miss., 290.; *Pratt* v. *Cotton Co.,* 51 Miss., 470; *Insurance Co.* v. *Hoffheimer,* 46 Miss., 645; *Mosby* v. *Wall,* 23 Miss., 81; *Dunbar* v. *Newman,* 46 Miss., 231; *Brown* v. *Guice,* 46 Miss., 299.

*Dabney & McCabe,* for appellees.

Inasmuch as the policy sued on expressly stated in words on its face that the duration of the risk was three years, parol evidence will not be received to vary or contradict that statement, notwithstanding the fact that another clause of the policy in figures makes the duration impliedly appear somewhat equivocal; and in support of this contention we submit the following propositions:

1. Since the policy sued on was a written contract, it was the duty of the court below, as it is the duty of the court here, to construe that contract and ascertain its meaning. The court had its province, and the jury has its province. The authorities are unanimous that it is the duty of the court to construe all written agreements brought before it, and not to abdicate that duty in favor of the jury.

2. In interpreting or construing a written contract the court must, if possible, construe the contract by reference to its terms alone, and not by reference to extrinsic facts. In other words, if the court can, from a reading of the contract and from an application of the rules of construction and interpretation applying to such contracts, ascertain its meaning, then the court is forbidden by law to pass beyond the four corners of the contract itself. And we contend that according to the rules of construction and interpretation applicable to insurance policies, this is undoubtedly a three-year policy, as our subsequent propositions and authorities will show.

3. Where a written contract of insurance in one clause states expressly that the duration of the policy is for one time, and in another clause impliedly states that it is for another or different time, the clause expressly stating the duration of the risk will prevail over the clause impliedly stating the duration to be for another time. That which is expressly stated in a contract should always prevail over that which is impliedly stated. Here we have a contract stating expressly that the duration of the risk is three years in one clause; in another clause we have an implied statement that the policy is only for one year. The implied statement as to the duration of the policy must give way to the express statement.

4. Where in a contract of insurance the words of the policy expressly state the duration for a particular period, and the figures impliedly state the duration differently, the words will prevail over the figures. This is a rule of almost everyday application in the construction and interpretation of written

instruments, taking the very ordinary case of a check on a bank.

5. In insurance policies, the policy, being written by the insurance company, must be strictly construed against the insurer and in favor of the insured.

6. Where a policy is susceptible of two interpretations or constructions on its face, that interpretation or construction will be adopted by the court which is most favorable to the insured.

7. Where a policy is ambiguous upon its face, and the ambiguity is due to the carelessness or neglect of the insurer in the preparation of the policy, the construction most favorable to the insured must be adopted by the court.   Wigmore on Evidence, 3394, sec. 2415; 17 Am. & Eng. Ency. Law (2d ed.), 15; 16 Am. & Eng. Ency. Law, 863; 3 Berryman's Digest of the Law of Insurance, p. 345; *Ib.,* sec. 3012.

Argued orally by *Harris Dickson,* for appellant.

Cox, J., delivered the opinion of the court.

The time for which appellant undertook to insure the society hall of appellee and its furniture and paraphernalia is fixed in the policy as being "for the term of three years, from January 14, 1903, at noon, to January 14, 1904, at noon." This attempted statement of the time for the duration of the contract involves two descriptions, each of which is perfectly clear in itself, but which are mutually inconsistent and contradictory. It is a palpable case of equivocation in description, induced, doubtless, by clerical misprision.   The court erred in not permitting the introduction of parol evidence to show which of the two periods named in the policy was the one in contemplation of the parties.   Parol evidence is admissible in such a case, not to vary the contract nor to make a contract for the parties, but to make clear what the contract really was.

*Reversed and remanded.*