JOSEPH WINOKER *vs.* ISRAEL WINOKER *et al.*

APRIL 1, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Insurance Contracts. Description of Insured. Parol Evidence.*

Where a policy insured "J. Winoker & Brothers", a "copartnership", "employer", as the designation used did not clearly show who was insured

parol evidence could properly be introduced to do so. In such case the risk attaches to the interest of the party actually intended to be covered and such evidence does not vary the written contract but makes clear what the contract was.

Appeal under Workmen's Compensation Act. Appeal dismissed.

Barrows, J. This is an appeal from a decree of the Superior Court awarding compensation under the Workmen's Compensation Act.

Joseph Winoker and Israel Winoker had done business in partnership as "J. Winoker & Brothers". In 1923, Joseph sold out his interest to Israel who continued the business under the firm name. Joseph thereafter remained in the employment of Israel.

The Zurich General Accident & Liability Insurance Company, Ltd. were insurers on a workmen's compensation policy issued to "J. Winoker & Brothers" in August, 1925. Petitioner and Sigmund Rosen acting for Israel made application for the policy. The evidence was somewhat conflicting as to what took place, but the trial court did not accept the view of respondent insurance company that misrepresentations were made which induced the issuance of the policy. The insured "employer" was described in the policy as a "copartnership". This seems to have been assumed by the clerk of the Insurance Company from the name, "J. Winoker & Brothers". No inquiry was made as to the composition of the supposed firm. Joseph, in October, 1925, was injured in an accident arising out of and in the course of his employment and claimed to be entitled to compensation.

The trial court found the facts to be that petitioner was an employee and not a copartner and that the Insurance Company was willing to and did "issue the policy to cover whoever was doing business as 'J. Winoker & Brothers'". These findings of fact are not open to review in this court.

The only legal question raised by this appeal is whether evidence was properly admitted to show that Israel Winoker was doing business as "J. Winoker & Brothers" and was the insured whose employees were covered by the policy. Where the insured is definitely and clearly named in the policy evidence that someone else not named was also intended to be covered is inadmissible. *Stanley* v. *Fireman's Ins. Co.*, 34 R. I. 491. In that case, however, the court said, at page 495, that if the policy did not clearly show who was insured parol evidence could properly be introduced to do so. The present policy is such an one. The policy insured "J. Winoker & Brothers", a "copartnership" "employer". The law, as quoted by the presiding justice in the Superior Court, is a correct statement: "If the name of the person for whose benefit the insurance is obtained does not appear upon the face of the policy . . . or if the designations used are applicable to several persons or if the description of the assured is imperfect or ambiguous . . . evidence *aliunde* may be resorted to to ascertain the meaning of the contract and to show who are the real parties in interest. . . . In such cases the risk attaches to the interest of the party actually intended to be covered. . . ." 1 Joyce, Law on Insurance (2d ed.) § 311; *Worthy* v. *Farmers Life Confed.*, 139 Ga. 81; *Lancey* v. *Phoenix Ins. Co.*, 56 Me. 562; *Traders Ins. Co.* v. *Post*, 86 Miss. 135; 33 C. J. 115. Such evidence does not vary the written contract. It makes clear what the contract was.

The decree of the Superior Court awarding compensation is affirmed, the appeal is dismissed and the cause is remanded to the Superior Court for further proceedings.

*George F. Troy*, for petitioner.

*Greenough, Easton & Cross*, for Zurich General Accident & Liability Insurance Company, Limited.