### HAUER *v.* DAVIDSON.

[74 South. 621, Division A.]

1. TRIAL. *Direction of verdict. Review.*

    Where upon a trial, plaintiff introduced his evidence and rested and thereupon defendant moved to exclude the testimony and for a premptory instruction, which motion being overruled, defendant introduced his own evidence; in such case on appeal the correctness of the judgment rendered must be determined by the whole evidence without reference to the ruling on the motion to exclude.

2. DESCENT AND DISTRIBUTION. *Husband and wife. Estate by curtesy. Statute.*

    Estates by curtesy were abolished in 1880 and since that time where a wife dies intestate her lands descend to her husband

and children as tenants in common and a conveyance of such lands by the husband after her death vest in the grantee only an undivided interest.

3. TENANCY IN COMMON. *Adverse possession. Cotenants. Presumption.*

   Possession by one cotenant will be presumed not to be hostile to his cotenants unless the contrary is shown.

4. EJECTMENT. *Title from common source. Evidence.*

   In the action of ejectment in this case the court held that the evidence set out in its opinion, failed to show that a complete paper title was in plaintiff or that she and defendant claimed from a common source.

APPEAL from the circuit court of Wilkinson county.

HON. R. E. JACKSON, Judge.

Ejectment by Mrs. M. M. Davidson against Mrs. Mamie K. Hauer. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Bramblett & Bramblett,* for appellant.

In support of first assignment of error that the court below erred in admitting in evidence the deed from Ann Davis to Charlotte C. Philbrick and John Philbrick we say that proof was necessary that Ann Davis was the heir at law of Landon Davis, 'in whom title vested by entry. See 2 Greenleaf on Evidence section 354, sixth edition. It is true that this deed recites that the grantor Ann Davis and Charlotte C. Philbrick are the sole surviving heirs of Landon Davis, but this is not evidence. For if such statements are to be received as evidence, any person, by a grant of lands could create title in himself by saying that he was the heir of the person dying with title to the land.

And we here call the attention of the court to plaintiff's bill of particulars of her title, filed in this case. And to this bill of particulars plaintiff is strictly bound. Section 1827, Code 1906, which is construed in *Goforth*

*v. Stingly Taylor Co.,* 79 Miss. 398. On page 401 the court says: "Plaintiff could not travel out of the bill of particulars they did file, etc."

Plaintiff made no claim to the land by adverse possession, and certainly had no title by documentary evidence, and defendant's motion to exclude plaintiff's testimony, and for judgment for defendant should have been sustained. This motion is as follows: "At the conclusion of plaintiff's testimony, the defendant made a motion to exclude the testimony of plaintiff and for judgment for defendant, because the evidence shows that the plaintiff has no right or title to the land in question, and further because the evidence shows title by adverse possession in D. C. Brannan, and fails to show who are the heirs of D. C. Brannan, and does not show that plaintiff is such an heir; and further because plaintiff was permitted over defendant's objection to introduce testimony showing the location of the land in suit, and plaintiff's right and title thereto, which parol testimony, or any parol testimony whatever is not and was not embraced in plaintiff's abstract of title, and defendant is entitled to a judgment. And to the overruling of this motion defendant excepted. This motion should have been sustained, for we submit that we have above shown that the documentary evidence of plaintiff, which is that embraced in plaintiff's abstract of title, wholly fails to establish right of possession or title in plaintiff to the land sued for, and the parol evidence even if competent does not give title to plaintiff, which it was error to admit.

Defendant offered to prove by T. W. Cavin that the land is a well-defined ginlot. Objected to by plaintiff, objection sustained, and defendant excepted, deed from D. C. Brannan to T. B. Knight conveying his ginhouse and one acre of land on the north side of the public road, and then offered in evidence deed from T. B. Knight, conveying said land to Mamie E. Knight (Hau-

er), and offered to prove by T. W. Cavin that the land mentioned in said deeds could be easily ascertained. This proposed evidence was objected to by plaintiff, objection sustained, and defendant excepted. This was, we think, unquestioned error in the court below. This land, by this testimony could have been definitely located, and this is all the law demands. *Tucker* v. *Field,* 51 Miss. 191, at lower part of p. 194.

And we further say, that if plaintiff had shown title in Frances Brannan, which the court below held, and further held that Frances Brannan and D. C. Brannan, having married before 1880, when the estate of tenant by the curtesy existed under the law, and that although Frances Brannan died in 1890, that D. C. Brannan held the land by the law in force at the marriage and not under that in force at the date of Frances Brannan's death. This we submit was error; the estate of tenant by the curtesy was abolished by the Code of 1880, section 1170, and in lieu of this section 1271 of this Code—paragraph four gave the surviving husband a child's part, which has since been, and is now the law. If the ruling of the court below was right, the result was that D. C. Brannan held all the wife's land as tenant by the courtesy for life under the law prior to the Code of 1880, and a child's part under that Code. To say the least of it this is an extreme view, which was not and could not be the law. If it is, there are thousands of widowers in this state entitled to both estates and more husbands who will be entitled to them on the death of their wives. If that is the law, it is hard to characterize it. To us in the present case, it is plain that D. C. Brannan inherited a child's part of his wife's land at her death in 1890, and defendant—appellant—acquired that part under the deeds to defendant, even if the court was right in holding that title vested in Frances Brannan.

And from what we have submitted in argument, it is plain to us that the peremptory instruction given for

plaintiff was error. And it was error in giving judgment for all the land sued for, the witness McNeil failing to locate the same.

*Ackland H. Jones,* for appellee.

The parties claim through a common source, Mrs. Sarah Frances Brannon, and therefore the rule that plaintiff must show title as against the world and must depend on the strength of her own title, does not apply. *Doe* v. *Parker,* 3 S. & M. 114; *Doe* v. *Pritchard,* 11 S. & M. 327; *Wolfe* v. *Dowell,* 13 S. & M. 103; *Gordon* v. *Sizer,* 39 Miss. 805.

He who has the better claim from the common source will prevail. *McCready* v. *Landsdale,* 58 Miss. 877. In part, deraignment from the government down is unnecessary where the plaintiff shows a perfect title in himself from the common source. *Richards* v. *Lee,* 91 Miss. 657.

It is to be noted that the plaintiff did not demand of the defendant any bill of particulars of her title. On that feature it is to be presumed that plaintiff knew just what the claim of defendant was. In response to the demand of defendant for a bill of particulars, plaintiff supplied the one shown in the record, and which apprised the defendant of her claim, in full.

Attention is called to the fact that the defendant made no attempt to introduce any evidence, of any nature, to show any superior title in herself, or in D. C. Brannon, her grantor. The only evidence offered by her was an attempt to show by T. W. Cavin, that the land sued for is a well-defined ginlot and two deeds of conveyance one from D. C. Brannon to T. B. Knight and the other from T. B. Knight to the defendant.

The plaintiff, after introducing the record evidence, which could have begun with the conveyance into Mrs. Sarah Frances Brannon, the common scource of title proved by Davidson and McNeil the identity of the land

sued for. That this was proper, under the description contained in the deed to plaintiff, is in my opinion, unquestionable. The motion unquestionable. The motion to exclude by defendant embraced several grounds. First was the objection that no title was shown in plaintiff. Much stress is put on the fact that the deed made by Ann Davis to John and Charlotte Philbrick in 1828 recited that she, Ann Davis and the grantee, Charlotte Philbrick, were the sole heirs of Landon Davis, and because of the fact that no proof was made that they were the only heirs, it is argued that no title was shown in the predecessors of plaintiff.

Examination of the record will show that each and every conveyance connects itself with the prior ones. And it is to be noted that this land is the identical land confirmed into Landon Davis and conveyed by Ann Davis to John and Charlotte Philbrick and from them to Woodson Wren. As said by the court in *Stovall* v. *Judah,* 74 Miss. 747, 754, the fact that this mortgage was recorded would point to the execution of the deed of conveyance.

The second ground of the motion to exclude was that the testimony showed title by adverse possession in D. C. Brannon. I confidently submit that there is not one word in this record supporting that ground.

That plaintiff is an heir of D. C. Brannon as well as an heir of Sarah Frances Brannon, her father and mother, is fully shown, but this case is not dependent on the heirship from Mr. D. C. Brannon, but is on the heirship from Mrs. Fannie' Brannon, his wife, and mother of the plaintiff.

The case up to this point stands thus: Mrs. Fannie Brannon, wife of D. C. Brannon, and mother of the plaintiff, was the owner of the land, acquiring title in the year 1878; she is dead; her husband, father of plaintiff, is dead; on the death of Mrs. Fannie Brannon the lands descended to her children subject to the curtesy of her husband, D. C. Brannon. Her husband,

D. C. Brannon, as. tenant by curtesy, had the right to the possession of the land, but this possession could not be adverse to his children. Upon his death, the title being in the three children, two conveyed their interests to the third, the plaintiff. On these facts the court properly overruled the motion to exclude.

I say that D. E. Brannon was tenant by the curtesy and that while he lived he had the right to use this land, and to have it called Dub Brannon's gin, but that immediately on his death any and all rights he had, or any grantee from him, ceased and determined and the real owners were entitled to the immediate possession, and that too, whether the deeds made by him in his lifetime were correctly drawn, the lands correctly described or not.

Mrs. Brannon acquired these lands in 1878, when the Code of 1871 was in force. By section 1786 of that Code, on the death of a married woman owning real estate, it was provided that nothing therein contained should deprive the husband of his right of curtesy. By section 1948, the lands descended to the children. The husband having the right to curtesy, he inherited nothing else.

The law in effect at the time of the contract enters into it and forms a part of it. The state itself cannot impair the contracts so entered into, much less any parties thereto, except by consent. *Lessley* v. *Phipps,* 49 Miss. 790, 801; *Musgrove* v. *Railroad,* 50 Miss. 683; *Johnson* v. *Fletcher,* 54 Miss. 628; *Rice* v. *Smith,* 72 Miss. 42, 46.

The Code of 1880 became operative on November 1, 1880, and under section 1170 thereof dower and curtesy were abolished. This abolition, however, was prospective only. It is an established rule for the construction of statutes that a retroactive operation will not be given, unless it be the manifest intention, plainly and clearly expressed. In fact, by the Code of 1880 itself, and section 4 of the same, it is expressly provided that the re-

peal of any statutory provision should not affect any right then accrued. This was necessary under the Constitution of the state, and eminently proper and correct.

The statute abolishing dower—and the same statute also abolished curtesy—was not retroactive. *McKensic* v. *Donald,* 61 Miss. 452; See, also, *Hill* v. *Nash,* 73 Miss. 849, 860 and *Gresham* v. *King,* 65 Miss. 387.

The conveyance to Mrs. Brannon was in 1878. It was such a contract as was contemplated by the Constitution and all the rulings of the courts. She paid her money based on what the law then said would be her rights; the rights of her husband, and the rights of her children. No subsequent legislation could change that. There can be no confusion, such as conjured by appellant here, of the husband inheriting a child's part, under the Code of 1880, and yet having the entire estate as tenant by curtesy under the Code of 1871. If his wife, the mother of his children, acquired or purchased the land prior to 1880, he is tenant by curtesy and nothing more.

Taking the entire record, I say that it is apparent that no error occurred; that if so they were immaterial, and the same result would be reached. The plaintiff was entitled to the land, the judgment was correct and this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an action of ejectment, in which appellee was plaintiff and appellant defendant, in the court below, and in which, at the close of the evidence, the jury were peremptorily instructed to find for the plaintiff.

Appellee attempted by her evidence, but failed, to show a complete paper title to the land in controversy. When she rested her case there was nothing in the evidence which indicated that she and the defendant claimed from a common source. A motion to exclude

the evidence was then made by the defendant and erroneously overruled. Appellant, instead of also resting her case, proceeded to introduce evidence, so that the correctness of the judgment rendered must be determind by the whole evidence without reference to the ruling on the motion to exclude. *Hairston* v. *Montgomery,* 102 Miss. 364, 59 So. 793.

One of the deeds through which appellee claims was executed by D. C. Brannon and several cotenants to his (D. C. Brannon's) wife, Sarah Frances Brannon, conveying to her about one hundred and fifty acres of land. Sarah Frances Brannon died in 1909, leaving surviving her D. C. Brannon and three daughters, appellee, Mrs. Bessie Lanehart, and Blanch Brannon. D. C. Brannon died on April 22, 1910, and on the 15th day of September, 1914, Mrs. Bessie Lanehart and Blanch Brannon conveyed to appellee certain land, claimed to be that in controversy and embraced within the land conveyed by D. C. Brannon *et al.* to Sarah Frances Brannon.

Appellant introduced in evidence a deed from D. C. Brannon to T. B. Knight, executed on June 27, 1908, in which the land conveyed was described as "my ginhouse and one acre of land on the north side of the public road in section 43, township 5, range 1 west, in the county of Wilkinson, state of Mississippi;" and a deed from T. B. Knight to appellant, executed on the 23d day of December, 1909, in which the land was described as "one acre of land lying north of the public road in section 43, township 5, range 1 west, and being the same land conveyed me by D. C. Brannon by deed dated June 27, 1908, and of record in Book UU, page 200, conveyance records of said county." The land sued for is described in the declaration as follows:

"A tract of land, with the appurtenances, situated in the said county, containing one acre, and being bounded on the east by the lands owned by W. E. Davidson, south by the Natchez and Liberty public road, and west

and north by the lands owned by the estate of Mrs. Fannie Brannon, deceased, being the one acre of land on which is situated the ginhouse formerly operated by D. C. Brannon, deceased, and supposed to be in section 8, township 4, range 1 west.''

Appellee's claim is that when Mrs. Brannon died, her husband, D. C. Brannon, became vested with an estate for life by curtesy, with remainder in her three daughters, appellee, Mrs. Lanehart, and Blanch, so that the deed to her from Mrs. Lanehart and Blanch vested in her the full title. There is no merit in this contention, for the reason that the estate by the curtesy was abolished in 1880, prior to the death of Mrs. Brannon. On her death, her husband and daughters inherited the land as tenants in common, so that a conveyance thereof by Brannon would vest in his grantee an undivided interest therein.

Appellant's claim to the land, according to the brief of her counsel, is based, not upon any title which Brannon acquired by inheritance from his wife, but upon a title acquired by adverse possession. This claim, however, is not supported by the evidence, for while it appears that Brannon was in possession of the land, the character thereof does not appear; we must presume, therefore, that it was not hostile to his cotenants.

Conceding that the description of the land in the deeds from Brannon to Knight and from Knight to appellant are valid, as to which we will not now express an opinion, it does not appear therefrom that the land intended to be conveyed thereby is that here in controversy, so that these deeds do not show either ownership in appellant or claim by appellant and appellee from a common source; that is, from Sarah Frances Brannon. Moreover, it nowhere appears in the evidence that the land in controversy is embraced within the calls of the deed from D. C. Brannon *et al.* to Sarah Frances Brannon, through which appellee claims. The only testimony by which it was attempted to prove this fact

113 Miss.—45

was delivered by appellee's husband and by a surveyor named McNeal. In the testimony of appellee's husband appear the following questions and answers:

"Q. You know the land on which the gin known as Dug Brannon's gin is located? A. Yes, sir. Q. Do you know the land that Mrs. Fannie Brannon owned in this county? A. Yes, sir. Q. Within the boundaries of whose land does this gin lie? A. The land formerly owned by Mrs. Fannie Brannon."

That the land in controversy may be within the boundaries of land formerly owned by Mrs. Fannie Brannon falls far short of establishing the fact that it is within the boundaries of that particular land conveyed to her by the deed executed by D., C. Brannon *et al.,* and through which appellee deraigns title. The testimony of the surveyor was as follows:

"Q. Do you know the land of Fannie Brannon, deceased? A. Yes, sir. Q. Where is this gin and acre of land located on the lands of Mrs. Fannie Brannon, deceased? A. It is in the northeast corner of the west one-half of section 8, township 4, range 1 west, on what is called the Dug Brannon property. Q. Supposed to be the land of D. C. Brannon? A. Yes, sir. Q. This gin and acre of land on which it is located is in section 8, township 4, range 1 west? A. Yes, sir."

It follows from the foregoing views that the peremptory instruction should not have been given.

*Reversed and remanded.*