NEBHAN v. MANSOUR et al.

(Division B. Jan. 18, 1932.)

[139 So. 166. No. 29679.]

Feb. 29, 1932. Suggestion of Error Overruled Feb. 29,

1932.)

[139 So. 878.

C. M. and Russell Wright and Baskin, Wilbourn & Miller, all of Meridian, for appellant.

Dunn & Snow, Marshall W. Amis and Bozeman & Cameron, all of Meridian, for appellees.

424

Argued orally by **Russell Wright**, for appellant, and by **Marshall Amis**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant filed his bill in the chancery court of Lauderdale county against appellees, Joe Mansour, Latiffeh Nebhan, Mrs. Lucy Bailey, all of Lauderdale county, and Elmaz Mansour, a nonresident, native of Beyrout, Syria, and Latellah Nebhan, also a nonresident heir, of Beyrout, Syria, and J. V. McQuillan, executor of the will of A. Nebhan, deceased, contesting and seeking to set aside the said will upon the grounds (1) that the decedent did not sign the alleged will, either in person or by some other person in his presence and under his direction; (2) that he was unduly influenced to make the alleged will, and therefore it was not his will; (3) that he was mentally incapable of making a will. The cause was heard on original bill and amendment thereto, and

answer of the defendants, and proofs, resulting in a verdict and decree upholding the will. From that decree appellant prosecutes this appeal.

The court instructed the jury peremptorily that they should find a verdict in favor of appellees on the issue of undue influence, and also on the issue whether or not the deceased signed the will with his own hand, or by some person in his presence by his express direction, and submitted to the jury only the issue of the mental capacity of the deceased to make the will. The chancellor was justified, from the evidence, in directing a verdict in appellee's favor on the two issues mentioned above, for there was no substantial testimony going to sustain either ground of contest.

The testator, A. Nebhan, died, leaving neither children nor descendants of children. The beneficiaries named in his will were appellees Lucy Bailey, his ex-wife, and Namia Nebhan, Latellah Nebhan, and Elmaz Mansour, Latiffeh Nebhan, and Joseph Mansour, his brothers and sisters. He willed to his brother Namia Nebhan, seventy-five dollars. The remainder of his estate he willed, to his sister Elmaz Mansour one-third; to his sister Latiffeh Nebhan one-third; to his former wife, Lucy Bailey, one-sixth; and to his brother Joseph Mansour one-sixth. To his brother Latellah Nebhan he gave nothing, and so stated in his will.

Shortly before the execution of the will the testator had been, by proper proceedings had for that purpose, declared mentally incapable of managing his own affairs, and a guardian had been appointed to take charge of and manage his estate. The evidence was conflicting as to his mental capacity to make a will. According to the testimony of many witnesses he was mentally incapable of doing so; but, on the other hand, several witnesses testified that he was mentally capable, among whom was C. C. Dunn, Esq., testator's attorney, who

consulted with him and prepared the will and was present at its execution.

On the trial, appellees, the proponents of the will, offered· in evidence the proceedings before the chancery clerk of Lauderdale county probating the will in common form and the action of the chancery court in confirming such proceedings, and rested. The order of the chancery court confirming the action of the clerk in probating the will contained this language, "without prejudice, however, to the issue devisavit vel non now pending in this court;" the bill in this cause having been filed before such approval of the clerk's action by the court. Thereupon appellant made a motion to exclude the evidence, which motion was overruled by the court, and, instead of resting, appellant proceeded to put his evidence before the jury.

Appellant assigns and ·argues as error the action of the court in overruling the motion. The rule is that if, after the denial of a request for a directed verdict, the party introduces evidence, he thereby waives any error which may have been committed in denying the request. The correctness of the judgment in such a case must be determined by the whole evidence, without reference to the ruling of the court on the motion to exclude. Hauer v. Davidson, 113 Miss. 696, 74 So. 621; Maclin v. Bloom, 54 Miss. 365; Hairston v. Montgomery, 102 Miss. 364, 59 So. 793; 26 R. C. L. 1083.

Appellant offered to prove by the witness·Mike John certain admissions made against interest by two of the appellees, touching the mental condition of the testator at the time of the execution of the will. On appellees' objection, this evidence was excluded. Appellant assigns and argues this action of the court as error.

Apparently appellant concedes that admissions against interest by one of two or more coparties to a cause are not admissible unless the interest of the parties in the subject-matter of the litigation is a joint interest.

Such is the rule as held by this court in Prewett v. Coopwood, 30 Miss. 369; Prewett v. Land, 36 Miss. 495; Pigott v. Pigott, 112 Miss. 873, 73 So. 800. The question is whether the interest taken by appellees under the will is a joint interest. Section 2113 of the Code of 1930 provides that all conveyances or devises of land made to two or more persons, or to husband and wife, shall be construed to create an estate in common, and not in joint tenancy or entirety, unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy or entirety, with the right of survivorship, but that this provision shall not apply to mortgages or devises in trust.

Prewett v. Coopwood was a suit by the administrator of an estate which owed no debts. The recovery, if any, would inure to the benefit of the distributees of the estate who were the heirs at law of the deceased. The court held that the evidence of one of the heirs and distributees was not competent evidence, for the reason that it would prejudice the interests of the other heirs and distributees. Prewett v. Land, supra, was a suit by a trustee to collect a demand out of the trust property. The property had been conveyed to a trustee in trust for the use and benefit of one Mary Ann Boggan and her children. The court held that the admissions of the mother, one of the beneficiaries in the trust, were not competent evidence against the interest of the other beneficiaries. We have examined the three cases relied upon by appellant to sustain his position. Cash v. Dennis, 159 Iowa, 18, 139 N. W. 920; Murphy v. Nett, 47 Mont. 38, 130 Pac. 451; McCune v. Reynolds, 288 Ill. 188, 123 N. E. 317. We doubt if any of these cases is authority for appellant. We do not think that under our statute (section 2113, Code of 1930), and the decisions of our court referred to, appellees' interest under the will is such as to make them joint tenants, or tenants by entirety, but instead is an estate in common,

and therefore the admissions against interest by less than all of them were not admissible.

Appellant assigns and argues that the court erred in permitting C. C. Dunn, Esq., to testify as a witness for appellees, upholding the will. As stated, he was testator's attorney, who advised with him about the making of the will, prepared the will for him, and was present when it was signed by the testator and attested by the witnesses. His testimony was very material on the issue of the testator's mental capacity. It was objected to by appellant on the ground that it was privileged, being a communication between attorney and client. The evidence showed that, at the time Mr. Dunn consulted with the testator and prepared his will, and saw to its proper execution and attestation, there was another person present, not a beneficiary under the will, and who had no interest in what occurred, except one of friendship for the testator.

In order that the privileged communication rule between attorney and client shall apply, it is necessary that the consultations be confidential. Therefore, if they take place in the presence of a third person, the relationship is not confidential, and is not entitled to the protection of the rule. The very nature of the transaction, and the circumstances surrounding it, are inconsistent with the idea that the consultations were intended to be confidential. 28 R. C. L. 561; 40 Cyc. 2377; 5 Wigmore on Evidence, sec. 2311.

After the death of the testator, appellees employed Mr. Dunn's law firm, along with another law firm, to represent them in the will contest. By the terms of the contract, appellees agreed that, in event the will should be upheld, they would pay their attorneys "jointly an amount equivalent to the value of one-third of the interest in said property and premises, and any other property devised to us and to Elmaz Mansour by the said A. Nebhan." And the contract provided that, should the will

be held invalid, the attorneys should receive nothing for their services.

Appellant contends that by the terms of this contract Mr. Dunn had an interest or claim against the estate of the testator which, by his evidence, he was seeking to establish in violation of section 1529, Code of 1930, which provides, among other things that a person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person, *"which originated during the lifetime of such deceased person."* (Italics ours.) It will be noted that the claim which the witness is rendered incompetent to establish by his own testimony is one originating during the lifetime of the decedent. The trouble with appellant's contention is that Mr. Dunn's claim did not originate during the liftime of the decedent, but after his death. When the testator died, Mr. Dunn had no claim whatever against the estate for his services in trying to uphold the will. The appellees, the proponents of the will, were entirely free to employ any attorneys they desired to represent them. They were under no legal obligation whatever to employ Mr. Dunn. If Mr. Dunn were an incompetent witness under the statute, the rule would apply to this kind of a case: A is present when B makes his will; B devises land to C; after the death of the testator, C sells and conveys the land to A, who was present when the will was made; the will is contested by interested parties on the ground of alleged mental incapacity of the testator. Would the statute render A an incompetent witness to testify with reference to the testator's mental capacity because he had bought some of the land from one of the devisees under the will? The statute has never been extended that far, and we are not willing to do so; so we conclude that the statute has no application.

Another question argued in the case is whether or not the adjudication of insanity is conclusive evidence of want of testamentary capacity. There is no decision of

our court directly in point. The question is treated in a note in 7 A. L. R. 602, and in a supplemental note in 68 A. L. R. 1318. The rule there stated is: "An adjudication of insanity is not conclusive, but only presumptive, evidence of testamentary incapacity, whether made before or after the execution of a will." Numerous cases are cited in support of the rule. Some of the cases hold that an adjudication of insanity made on the very day of the execution of the will is not conclusive evidence of testamentary incapacity. Without passing on this specific question, our court has held that the material inquiry is the capacity of the testator on the very day and at the very time of the execution of the will. Lum v. Lasch, 93 Miss. 81, 46 So. 559; Scally v. Wardlaw, 123 Miss. 857, 86 So. 625; Ellis v. Ellis, 160 Miss. 345, 134 So. 150; Brock v. Luckett's Ex'rs, 4 How, 459. This court has also held that one suffering from a permanent form of insanity may nevertheless, during a lucid interval, make a will. Scally v. Wardlaw and Brock v. Luckett, supra. The Supreme Court of Indiana, in discussing this question in Harrison v. Bishop, 131 Ind. 161, 30 N. E. 1069, 31 Am. St. Rep. 422, said that it was too plain for controversy that one might possess mental capacity up to or beyond the standard thus established, and yet fall far short of that necessary to enable him to transact business or manage his own estate; and therefore one's mental capacity might be so far impaired as to incapacitate him for the active conduct of his estate, justifying the appointment of a guardian for that purpose, and yet he may have such capacity as to enable him to direct a just and fair disposition of his property by will. We approve the principles declared in the Indiana case.

We do not think there is sufficient merit in the other questions assigned and argued by appellant to call for a discussion by the court, except to say that the only issue involved in this case was whether the paper pre-

sented and probated as the will of the testator was, in truth and in fact, his last will and testament. The question whether any of the devisees under the will are incompetent to take, because of being aliens, was not involved.

Affirmed.

## ON SUGGESTION OF ERROR.

**Anderson, J.,** delivered the opinion of the court on suggestion of error.

In the opinion handed down in this case the court inadverently stated that C. C. Dunn, the testator's attorney who prepared his will, was present at its execution. It is true as contended by the appellant that he was not present at the execution of the will. The record shows, however, that a few hours before the execution of the will the testator, in the presence of Caldwell and others, employed Mr. Dunn to prepare his will, gave him directions as to what it should contain, and consulted with him with reference to its preparation and execution. Dunn testified that at that time the testator was mentally capable of making a will. We held that Mr. Dunn's testimony was not privileged under the law, because it was not confidential. The matters he testified about took place in the presence of Caldwell and others, and therefore could not have been considered by him as confidential.

After thoroughly reconsidering the whole case on suggestion of error, we see no reason to change the opinion of the court, except to the extent above stated, which, under our views, does not affect the result.

Suggestion of error overruled.