WILBURN *et al. v.* WILLIAMS *et al.*

(Division B.   Jan. 18, 1943.)

[11 So. (2d) 306.   No. 35212.]

**Creekmore & Creekmore**, of Jackson, and **Stone & Stone**, of Coffeeville, for appellants.

**John Horan**, of Water Valley, for appellees.

Argued orally by **W. I. Stone**, for appellants, and by **John Horan**, for appellees.

**Alexander, J.,** delivered the opinion of the court.

Complainants, who are appellants here, are the legal heirs of Arthur Wood, deceased. The deceased, with Homer Wood and Mrs. Della Strolin, were the brother and sister respectively of Oran K. Wood who died in September, 1941, leaving a will which complainants seek by their bill to annul. The will contained the following provision: "2—Subject to the reservation and condition hereinafter set forth I will, bequeath, devise to my brother, Homer N. Wood, and my sister, Mrs. Della Strolin and Mrs. Lula Williams all my property, real, personal and mixed, money on hand or on deposit in any bank, and choses in action of every kind and description wherever it may be situated of which I may die, seized and possessed to have and to hold unto them share and share alike forever. However the devise and bequest to Mrs. Lula Williams is dependent on her remaining with me as my housekeeper until my death, and in the event

she should leave me, or for any reason whatever cease to be with me or employed by me as such housekeeper then in that event her right under this will shall cease and all of my property herein mentioned of every kind and description shall belong to and be the property of my brother and sister above named.''

It is thus seen that the heirs of the deceased brother, complainants here, were pretermitted. The complaint alleges that the devise to appellee, Mrs. Williams, was occasioned by the exercise of undue influence, and that the purported will was not subject to probate because it was attested as a witness by the attorney by whom it was prepared.

Testator was a bachelor and at the time of his death was between sixty and sixty-five years of age. About seven years prior to his death in 1941, he engaged Mrs. Williams as housekeeper, whose duties, in addition to those implied thereby, included supervision of such dietary and ordinary medicinal needs as was occasioned by the physical condition of the testator. His condition was not however such as to incapacitate him from getting about and attending to his business affairs. The evidence discloses that in all his affairs Mrs. Williams assisted him and that she usually attended him upon his trips to town and elsewhere in discharge of business. Appellants do not contend that their relationship involved anything other than a degree of solicitude which tended to engender a complete dependence upon and a consequent domination by Mrs. Williams resulting in an unnatural disposition of his estate. No motive, whether born of sympathy, gratitude or attachment, or provoked by prejudice, caprice or revenge, may be allowed to thwart the purpose of the courts to give effect to the last solemn wish of a testator, once it is established that, regardless of its incidents, it represents his own will. Burnett v. Smith, 93 Miss. 566, 47 So. 117; Estes v. McGehee, 133 Miss. 174, 97 So. 530; Scally v. Wardlaw, 123 Miss. 857,

879, 86 So. 625; Morris v. Morris, 192 Miss. 518, 6 So. (2d) 311. We shall not rehearse the testimony upon which the allegation of undue influence is bottomed nor decide whether the relationship was of such fiduciary character as to affect the burden of proof thereby invoking the rule asserted in Jamison v. Jamison, 96 Miss. 288, 51 So. 130; Ham v. Ham, 146 Miss. 161, 110 So. 583; Cresswell v. Cresswell, 164 Miss. 871, 140 So. 521, 141 So. 41; O'Bannon v. Henrich, 191 Miss. 815, 4 So. (2d) 208. The principles imminent in the status of fiduciary relationship are adjective and involve primarily the matter of proof. It is enough that such testimony was not sufficient to establish conduct other than a degree of concern consistent with her employment and not inconsistent with natural or legal obligations. The inferences which are by counsel asserted to reveal a dominating influence were found by the chancellor not to rise to the degree of undue influence. On the other hand, there is positive evidence forming an ample basis for concluding that the expressed attitude of the testator toward complainants was not such as to compel an acceptance of their omission as unnatural. We will refer definitely only to the fact that in a prior will, executed two years before his acquaintance with Mrs. Williams, he had likewise pretermitted them. Cf. Scally v. Wardlaw, supra. The will now in suit stresses the importance of Mrs. Williams' services above any concern for her individually, by making the devise to her contingent upon their continuance. Moreover, in item 3 of the will, it is provided that in the event of the prior death of either of the other two devisees, the sister and brother named, the survivor alone shall take the interest of such other. The finding of the chancellor upon the fact issue is affirmed.

The remaining assignment refers to the incapacity of R. F. Kimmons, the attorney who at the instance and in the presence of the testator dictated the will, to attest and prove same. Aside from the question whether the

dictation of will in the presence of a stenographer would constitute a privileged communication, and whether if so her presence lifted the restraint thereto applicable (Nebhan v. Mansour, 162 Miss. 418, 139 So. 166), it seems well settled that an attorney is not disqualified to attest and prove same as a witness. A request to attest a will as a witness is a waiver of any privilege which may exist and an authorization to give effect thereto by proving its due execution. Schieffelin v. Schieffelin, 127 Ala. 14, 28 So. 687; In re Pitt's Estate, 85 Wis. 162, 55 N. W. 149, 39 Am. St. Rep. 828; In re Lane's Estate, 50 Wyo. 119, 58 P. (2d) 415; 60 P. (2d) 360; 1 Alexander on Wills, p. 327; Atkinson on Wills, pp. 272, 528; 1 Page on Wills, Sec. 342; 1 Schouler on Wills (6 Ed.), Sec. 553, p. 623. Cf. Randel v. Yates, 48 Miss. 685.

Affirmed.