FRISBY *v.* GRAYSON.

Mar. 2, 1953

No. 38650 22 Adv. S. 38 63 So. 2d 96

*E. B. Taylor* and *Creekmore & Beacham,* for appellant.

*Jos. E. Wroten,* for appellee.

Holmes, J.

The appellee sued the appellant in the County Court of Washington County for $2,916.16, alleged to be due him for advances for labor costs and supervisory services in connection with the construction of a grandstand for a baseball park for Negro patrons in or near Greenville, Mississippi. It was alleged in the declaration that on or about September 9, 1949, the parties entered into a verbal agreement whereby the appellee was to employ the labor for the project and supervise the work, and the appellant was to pay for all labor and materials and pay the appellee a reasonable sum for his services; that appellee performed the contract on his part but that appellant failed on demand to reimburse appellee for advances for labor costs in the sum of $1,341.16, and to pay the appellee a reasonable sum for his supervisory services alleged to be in the amount of $1,575.00. The appellant in his answer denied the alleged agreement and

averred that he had fully paid the appellee all sums to which he was entitled. At the conclusion of the appellee's evidence, the appellant moved to exclude the evidence and direct a verdict for the appellant. This motion was overruled and the appellant proceeded to introduce his evidence. No peremptory instruction was requested by the appellant at the close of all of the evidence, and the case was submitted to the jury under instructions granted by the court, and resulted in a verdict for appellee in the sum of $2,004.00, and judgment was entered accordingly. The appellant appealed to the circuit court where the judgment of the county court was affirmed, and appellant prosecutes this appeal from the judgment of the circuit court.

Appellant assigns as error (1) that the court erred in overruling his motion to exclude the evidence at the close of appellee's evidence and direct a verdict for the appellant, and (2) that the evidence is insufficient to support the judgment, and (3) that there was error in one of the instructions granted to appellee.

We think that the court was correct under the evidence in overruling appellant's motion to exclude and direct a verdict at the close of appellee's evidence 1), but even if there had been error in so doing, the same was waived by appellant's subsequent introduction of evidence. Chase National Bank v. Chapman, 173 Miss. 333, 160 So. 286; Nebhan v. Mansour, 162 Miss. 418, 139 So. 166; Alabama and Vicksburg Ry. Co. v. Kelly, 126 Miss. 276, 88 So. 707; Aponaugh Manufacturing Co. v. Collins, 207 Miss. 460, 42 So. 2d 431.

 We have carefully reviewed the evidence and are of the opinion that it was conflicting and created an issue of fact for the jury, and that it amply supports the jury's verdict. It is manifest from appellee's evidence that there was a series of agreements made by the parties in connection with the construction of the grandstand. One of these was in writing and obligated the appellant to pay to the appellee the sum of $650.00 for welding, less

758

the sum of $100.00 to be deducted for the use of appellant's machine. Another was in writing and obligated the appellant to pay to the appellee $500.00 for labor in pouring concrete and to make adjustments for cost incurred in the work on a basis of cost plus a fixed fee. Another and the final agreement was that appellee was to proceed with the work of building the grandstand with the understanding that appellant would pay for the labor and material and pay appellee a reasonable sum for his supervisory service. The appellee testified that the work was completed according to the agreement and that appellant was indebted to him in the sum of $1,341.16 for advances for labor, and in the sum of $1,575.00 as the reasonable value of his supervisory services. The appellant denied the agreement and testified that the appellee had been fully paid all sums to which he was entitled. Nevertheless, there was introduced in evidence thirty checks of the appellant aggregating $3,722.50, payable to the appellee, covering payments for labor, and extending over a period from October, 1949, to and including March, 1950, and these checks clearly corroborated the testimony of appellee that he was continuing on the job with the approval of the appellant, to the completion of the grandstand on March 18, 1950, in accordance with the agreement which he claimed to have made with the appellant. We think that the evidence as a whole was conflicting and presented an issue of fact for the determination of the jury, and that the jury was warranted in resolving this issue in favor of the appellee.

It is argued by the appellant, however, that there was no proof of the reasonable value of appellee's services. The appellee himself testified that the appellant was indebted to him in the sum of $1,575.00 as the reasonable value of his services. It is true that this evidence was elicited by leading questions, but there was no objection by the appellant and the evidence became a part of the record and proper to be considered by the jury. On the other hand, no proof was introduced by appellant in con-

tradiction of the aforesaid evidence of appellee as to the value of his services.

Appellant also argues that one contract was declared on in the declaration and that the proof related to other and different supposed contracts, and that this constituted a fatal variance between the allegations and the proof. In other words, it is the position of appellant that the proof fails to establish the liability as alleged in the declaration. We do not think this position is tenable under the facts of this case for the reason that the record discloses no such material variance as could have misled the appellant to his prejudice in maintaining his defense upon the merits. Sec. 1512, Miss. Code of 1942.

The appellant further complains that the trial court erred in granting the following instruction for the appellee: "The court instructs the jury for the plaintiff that if you believe by a preponderance of the evidence in this case that defendant is indebted to plaintiff, you will return a verdict for the plaintiff." It is argued that this instruction is too broad in that it tells the jury that if they believe from a preponderance of the evidence that the appellant is indebted to the appellee from any source or for any purpose, they should return a verdict for the appellee. We do not think that the instruction is susceptible of this interpretation. It confines the question of indebtedness to the facts of this case. In no event, however, could the jury have been misled by this instruction in view of the instruction granted to appellee on the form of the verdict, since it was made manifest to the jury from this latter instruction that the question of the amount to be awarded under the facts of this case was a question for the determination of the jury.

It follows from what has been said that the judgment of the court below should be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Ethridge,* and *Lotterhos, JJ.,* concur.