ETHRIDGE, Chief Justice:
Mi-s. Marie Balfour O’Kelley died on October 17, 1963, at the age of 81 years, leaving a will dated February 23, 1957, which named her niece, Mrs. Elizabeth Balfour Franklin Aldrich, as executrix. This will was admitted to probate in common form by a decree of the Chancery Court of Adams County of October 21. 1963, and Mrs. Al-drich was appointed and qualified as executrix. Thereafter, Fred Perry, a neighbor of Mrs. O’Kelley, probated in common form before the chancery court clerk an alleged holographic will signed by Mrs. O’Kelley on June 24, 1961. It named Perry as principal beneficiary and executor without bond. The chancery court subsequently nullified the second probate proceeding, because no notice had been given to the parties in the first proceeding.
That decree was affirmed by this Court in Perry v. Aldrich, Executrix, 251 Miss. 429, 169 So.2d 786 (1964). It was held that the attempt to probate the will in common form in a new proceeding was a collateral attack upon the first probate; that where one will has been admitted to probate in common form, it will remain the last will of testatrix, unless it is set aside by an order of a chancery court upon a contest; and that “[t]he first will admitted to probate may also be attacked by using the second will as evidence in a contest of the first will.”
Mrs. Aldrich, as executrix, proceeded with the administration of her aunt’s estate. On March 25, 1965, Perry filed another petition seeking to probate in solemn form the 1961 will. The defendants, including Mrs. Aldrich, asserted that Mrs. O’Kelley was mentally incompetent to make that will. This issue of devisavit vel non was submitted to the jury after a lengthy trial, and its verdict rej ected the' alleged holographic will of 1961. From a decree based upon that verdict, Perry has appealed. Appellant does not contend that the evidence was insufficient to support the verdict of the jury that Mrs. O’Kelley was mentally incompetent when she executed the 1961 will. In fact, the great weight of the evidence supports that finding.
First. Perry asserts that the decree of the chancery court is void because it had no jurisdiction to try and decide the case in : *523 vacation. Mississippi Code Annotated section 1228 (1956) provides:
A chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at a turn of court; and by consent of the parties or of their solicitors of record, he may try causes and deliver opinions and make and sign decrees therein in vacation * * *.
In short, “by consent of the parties or of their solicitors of record,” the chancellor can try causes and decide cases in vacation. At the June 1965 term this case was first set for trial on August 16, 1965, at the August term of court. On August 12, the chancellor sustained a motion of appellees for a continuance to the October term. One of appellees’ attorneys was president of the Board of Trustees of the Natchez School District. After the case had been set for August 16, “an unanticipated emergency arose with regard to the schools of the city and Adams County,” and the court found that the “public welfare of the city and county” required a continuance.
At the October term an order was entered setting the case for trial on the merits on November 9, 1965, in vacation. This was a date “mutually agreed upon” by counsel of record. However, on November 8 Perry filed a motion for a continuance to the January 1966 term. It stated that Joseph Zuccaro, “chief counsel for the complainant,” was attorney for the City of Natchez, and he was confronted with an emergency situation with regard to the public schools. Another order continuing the case at the request of appellant was thus entered on November 8, 1965. Since this was the day before the date set for trial, the witnesses for appellees, both local and out of state, were present, and the jurors had been summoned.
On December 17, 1965, the chancery court entered an order which recited that “all parties in this cause have now consented to a trial of this cause on its merits * * * on the 10th day of January 1966.” Hence the order set the case for trial on that date and ordered a venire of prospective jurors to be drawn. The chancellor signed the order and under his signature was the following:
ORDER APPROVED:
(s) Joseph S. Zuccaro
JOSEPH S. ZUCCARO, of Counsel for Fred Perry
(s) G. Stuart Handy
G. STUART HANDY, of Counsel for Mrs. Elizabeth Balfour Franklin Aldrich, et al.
' In brief, the consent order was expressly" approved by Zuccaro, one of counsel for appellant, and by Handy, one of counsel for appellees. It was filed for record immediately. Thereafter, Robert L. Netterville, one of counsel for Perry, objected, asserting that Zuccaro had approved inadvertently the order setting the case for January 10. There is no evidence reflecting any mistake or inadvertence by Zuccaro when he approved the chancellor’s order, and for his client consented to a trial in vacation. At a hearing on December 23, the chancellor reaffirmed the trial date of January 10, 1966.
We think that the order of December 17, 1965, approved by one of appellant’s counsel and by appellees’ counsel, and containing an adjudication by the court that all parties had consented to the trial on January 10, 1966, was an effective compliance with the requires of Code section 1228. There is no evidence of mistake. On the contrary, the chancellor’s order expressly found that all parties had consented to the trial of the cause on its merits on the named date in vacation. Zuccaro, designated as “chief counsel” for Perry, approved the order for him. Moreover, once the consent of counsel was given for the trial of this case in vacation, that consent, freely given, conferred jurisdiction on the court to try and decide the case in vacation on the agreed date. A change of mind by one of the parties to the suit cannot deprive the chancellor of jurisdiction under section 1228 to try^ *524 the case at the appointed time. Of course the chancellor retains the power to continue the case under appropriate circumstances, but that is within his sound discretion. It would not be practical or reasonable to permit one of the parties, after he, through counsel, has agreed upon a date for vacation trial and conferred jurisdiction, to withdraw jurisdiction by a change of mind. Consent under section 1228 having been given, jurisdiction existed. Cf. Winters v. Carver, 248 Miss. 792, 161 So.2d 202 (1964) ; Yazoo & M. V. R. Co. v. Lawler, 130 Miss. 421, 94 So. 219 (1922); Bowman v. Empson, 162 Miss. 13, 138 So. 341 (1931); Griffith, Mississippi Chancery Practice § 557 (2d ed. 1950).
Second. The chancellor was justified in overruling Perry’s motion to appoint a temporary administrator of the estate of Mrs. O’Kelley. The motion was filed by Perry’s counsel on the morning of January 10, the date for the beginning of the trial. Mississippi Code Annotated section 520 (1956) provides that on a will contest, the chancery court “may appoint a temporary administrator if it shall appear necessary for the protection of the rights of the parties * * The order overruling the motion stated that it was “first presented to this court at 9 A. M. Monday, January 10, 1966 * * * ” Moreover, at the time Perry filed his petition to probate the 1961 will in solemn form, Mrs. Aldrich, as executrix of the 1957 will, had administered the estate in full, including notice to creditors and payment of all debts properly probated. Nothing remained to be done. All assets were being held pending final decree of the court upon termination of this litigation.
 Mrs. Aldrich as executrix waived the privileged communications as to four doctors, but invoked the privilege as to Zuc-caro, the attorney to whom Mrs. O’Kelley showed her 1961 holographic will and who represented her in certain later transactions with Perry. Miss.Code Ann. § 1697 (1956). However, the chancellor no doubt considered the lateness of the request to him for the appointment of a temporary administrator, the fact that the estate had been completely administered, the potential delay in trial, and the additional expenses which would be incurred with a temporary administrator. He has a wide discretion in this respect. Sandifer v. Sandifer, 237 Miss. 464, 115 So.2d 46 (1959).
Third. There was no error in permitting Everard Baker to testify. Although he would have been an heir of Mrs. O’Kelley -if she had died intestate, he was not a beneficiary under either the 1957 or 1961 will. The dead man’s statute prohibits one from testifying to establish his claim against the estate of a deceased person. Miss.Code Ann. § 1690 (1956). Since Baker was not a beneficiary under the 1957 or 1961 will, he would have no claim against Mrs. O’Kelley’s estate. The prohibition of section 1690 did not apply.
Fourth. Mrs. Aldrich was appointed guardian of her aunt, Mrs. O’Kelley, on July 12, 1961. About seven weeks later, Perry filed for record a deed from Mrs. O’Kelley conveying to him 571 acres of Rosehill Plantation. The deed was dated July 6, 1961, and on the next day, two doctors had examined Mrs. O’Kelley and found her to be mentally incompetent. Mrs. Al-drich, as guardian, brought suit against Perry, seeking to have the deed cancelled. Perry reconveyed the property to his grant- or, and a consent decree was taken dismissing the bill of complaint with prejudice. The chancery court properly declined to admit in evidence this decree. It did not adjudicate the opinions of Mrs. Aldrich and her attorneys as to Mrs. O’Kelley’s mental competence. The entire bill of complaint was based upon her incompetence. It had no probative value on the issue of sanity at the time of the 1961 will, and principally contained self-serving declarations on the part of Perry. Moreover, it was not competent as an admission against interest on the part of Mrs. Aldrich, since in the present case- there were thirteen different parties defendant, and such an assumed admis *525 sion could not affect the other parties to the present suit. Nebhan v. Mansour, 162 Miss. 418, 139 So. 166 (1931), Sugg, error overruled, 162 Miss. 418, 139 So. 878 (1932) ; 31A C.J.S. Evidence § 318 (1964).
Fifth. There was no error in the admission into evidence of the proceedings and probate of the previous 1957 will. Appellants’ own petition for probate alleged that Mrs. O’Kelley had previously made the 1957 will. A contestant who asserts a testamentary incapacity as of the date of a contested will is generally permitted to introduce a prior will, which contains provisions inconsistent with the contested will, where the prior will was executed at a time when the testatrix’s testamentary capacity was established or not disputed, as here. Certainly a vital change of intention by a testatrix bears upon the question of whether she was in fact of a sound mind in executing the later will. See 57 Am. Jur., Wills § 126 (1948) ; Annot., 89 A.L.R. 2d 178 (1963).
Affirmed.
RODGERS, BRADY, PATTERSON and SMITPI, JJ., concur.