BRADY, Justice.
This is an appeal from the .Chancery Court of Hinds County, George William Haynes, Chancellor. The facts in this case have been presented to this Court on a former appeal, Delta Construction Company of Jackson v. City of Jackson, 198 So.2d 592 (Miss.1967). In that case this Court held as follows:
We are of the opinion that the demurrer of the Owners to this part of the original declaration is not well-taken and should have been overruled for the following reasons: (1) The Contractor was not required to appeal from the Owners to the circuit court, but could sue for wrongful deductions or money due under the terms of the contract, and for extra work required to be done by order of the Engineers, up to but not to exceed the twenty-five per cent margin provided for in the contract; (2) whether or not the extra work was outside the terms of the contract bid, and the claim therefor was wrongfully rejected by the Engineers are questions of fact and not of law; and (3) whether or not the Contractor was wrongfully required to do extra work and for that reason he should not have been penalized is also a question of fact and not of law. Frisby v. Grayson, 216 Miss. 753, 63 So.2d 96 (1953); 43 Am.Jur., Public Works and Contracts, §§ 114, 115 (1942).
We are of the further opinion that the Contractor can only recover (in the *607 event he recovers) the unit price for the work done.
The case was therefore remanded to the Chancery Court of Hinds County for the finding of specific facts, in compliance with that opinion, relating to the award of damages. The questions remanded to the chancellor for ascertainment were as follows :
1. Should the contractor’s claim be allowed for the cost of reseeding certain grassed areas in the sum of $4,095.77?
2. Should the contractor’s claim for cost of repairs to a drainage (interceptor) ditch in the sum of $18,566.01 be allowed?
3. Should the contractor’s claim for the sum of $1100.00 withheld by the owners as liquidated damages based on the eleven days penalty at $100 per day for construction time in excess of the time permitted by contract be allowed?
4. Should the contractor’s claim for grubbing within an area where only clearing was required ■ by the plans and specifications in the sum of $5,457.33 be allowed?
5. Should the contractor’s claim for the legal rate of interest on any damages allowable to the contractor be allowed?
The record discloses that the chancellor examined each witness at great length and in great detail as to the factual situation in the case. The chancellor found that the contractor’s claim for the grubbing where the clearing should have been done should have been allowed in the amount of $5,-372.75. He computed this amount by using the method testified to by the contractor even though he did not arrive at the same amount as sued for by the contractor. He found no further merit in any of the other claims alleged by the contractor, and disallowed them, giving logical authoritative and factual findings in support thereof.
The opinion setting out the findings of fact and decree of the chancellor evinces a patient, meticulous and exhaustive hearing of all material facts and an excellent and detailed analysis thereof by the chancellor.
After a careful review of the voluminous evidence and the thorough briefs of counsel in this hard fought case, we point out, as we have done in the past, that the chancellor is the trier of facts and unless it is evident that the chancellor was manifestly wrong, or that the findings of facts by the chancellor were against the overwhelming weight of the evidence, we will not disturb the findings of fact. The chancellor’s opinion, though extended, is excellent. It specifically outlines his lucid and detailed findings of fact upon which he based the decree. We cannot say that the chancellor was manifestly wrong or that his findings of fact are against the overwhelming weight of the evidence and therefore the judgment is affirmed.
Affirmed on direct and also on cross appeal.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.