PATTERSON, Justice:
This is an appeal by Mrs. Ouida Gatlin from an adverse decree of the Chancery Court of Wayne County. The decree granted Talmadge Gatlin, appellee, a divorce from the appellant, with certain property adjustments, but did not award the appellant alimony.
The contentions on appeal are that the complainant failed to meet the burden of proof since the allegations set out in his bill of complaint were not sufficiently corroborated, that the lower court erred in not granting the appellant a divorce, and also by not providing alimony and the use of the former home.
These assignments stem from conflicting evidence in a divorce suit wherein both parties charged the other with habitual cruel and inhuman treatment. The chancellor resolved this conflict of evidence in complainant’s favor and granted him a divorce. There is ample evidence to support this finding by the chancellor and certainly we cannot say that he was manifestly wrong in this regard. Boswell v. Boswell, 199 So.2d 266 (Miss.1967).
The primary contention of the appellant is that the complainant’s testimony was not corroborated by other witnesses and that the motion of the defendant and cross-complainant to exclude the evidence at the conclusion of the complainant’s case should have been sustained. The complainant presented his case by first offering his own testimony, which was followed by that of the defendant, who was called as an adverse witness. Upon the completion of her testimony the complainant rested his case. We are of the opinion that the testimony of the defendant corroborated that of her husband since it set forth the innumerable arguments of the couple and occasional physical altercations, the last of which could easily have caused the loss of life.
The complainant testified that his wife had threatened to take his life and that he was in fear that she would do so. The appellant, when questioned in regard to the threat, stated that she did not remember making the statements and finally stated that she had no knowledge of it. In our opinion this evidence sufficiently corroborates the testimony of the complainant, particularly when the record reflects that in the past the appellant had fired at the appellee with a rifle, which could provide a sufficient basis for the chancellor’s decision. Moreover, the defendant waived her right to complain of the trial court’s refusal to exclude the complainant’s evidence at the time he rested his case since she proceeded with her evidence after the court overruled her motion for a directed verdict. In Hattiesburg Butane Gas Co. v. Griffin, 206 So.2d 845, 847 (Miss.1968) it is stated:
Finally, it is well settled that the introduction of evidence by a defendant after the rejection of his motion for a directed verdict at the close of the plaintiff’s evidence constitutes a waiver of his right to complain of the trial court’s ruling. E. g., Illinois Cent. R. R. v. Perkins, 223 Miss. 891, 79 So.2d 459 (1955); Frisby v. Grayson, 216 Miss. 753, 63 So.2d 96 (1953); Dixie Drive It Yourself Sys. Jackson Co. v. Matthews, 212 Miss. 190, 54 So.2d 263 (1951). * *
See also Dennis v. Prisock, 221 So.2d 706 (Miss.1969) ; McPherson v. McLendon, 221 So.2d 75 (Miss.1969); and Patrick v. Michigan Nat’l Bk., 220 So.2d 273 (Miss.1969). For these reasons we find no merit in this assignment of error.
The evidence discloses that following their separation the defendant removed the furniture and appliances from their home and sold most of the cattle of the complainant, retaining the proceeds for her *636 own use. She also kept the automobile, the payments for which the husband was directed by the court to pay. In support of her argument for alimony the appellant relies upon the case of Shows v. Shows, 241 Miss. 716, 133 So.2d 294 (1961). An examination of that case reveals it to be based upon the peculiar facts and circumstances there extant which are quite different from the facts presently before us. Under the facts of this case we cannot say that the chancellor abused his discretion in denying alimony.
We have considered the record in its entirety, the arguments and briefs of counsel, and conclude there is no error in the record before us and that the decree of the lower court should be affirmed.
The motion of appellant for attorneys’ fee on this appeal is sustained and an award of $200, one-half of the amount granted by the court below, is hereby directed.
Affirmed.
ETHRIDGE, C. J., and JONES, IN-ZER, and ROBERTSON, JJ., concur.