WALKER, Presiding Justice,
for the Court:
This is an appeal from the Circuit Court of Pearl River County, Mississippi, wherein the Court granted to plaintiff, South East Collections, judgment in the amount of $4,856.48. We reverse.
The plaintiff brought suit on a promissory note allegedly executed by Sam Bodie, deputy sheriff of the Pearl River County’s sheriff’s department, purporting to bind the sheriff’s department and the County of Pearl River. The bill of complaint names as defendants, the Pearl River County Board of Supervisors, Sam Bodie and Willie Brown, a county prisoner.
The Board of Supervisors answered the complaint denying any liability premised on the note allegedly signed by Bodie.
Summary judgment on the complaint was granted upon motion of Sam Bodie dismissing the action against him. In response to the motion the Board of Supervisors again denied liability stating “Deputy Sam Bodie was not authorized to execute the alleged promissory note on behalf of the Board or individual members.”
On motion for summary judgment brought under Rule 56 of the Mississippi Rules of Civil Procedure, the plaintiff alleged it was entitled to judgment against the Pearl River County Board of Supervisors stating:
That pursuant to Section 47-1-59 of the Mississippi Code of 1972, as amended, the Plaintiff is entitled to Summary Judgment against the Defendants herein, that being the Pearl River County Board of Supervisors, in the sum sued for.
WHEREFORE, the Plaintiff herein, South East Collections Agency, Inc., d/b/a South East Collections, prays for a Summary Judgment in its favor as to all of the relief sought by the Plaintiff in this action.
The plaintiff attempted to convert its cause of action by way of motion for summary judgment from a suit on a promissory note to one for relief under Mississippi Code Annotated section 47-1-59 (1972) which provides for payment of hospi *787 talization of prisoners who through accident, injury or illness while in custody become in need of such care. Such a change, however, cannot be accomplished in this manner. The proper procedure was for plaintiff to amend its bill of complaint to allege a cause of action existed under section 47-1-59.
In response to plaintiffs motion for summary judgment, the Board through and. by D.R. Davis, Chancery Clerk of Pearl River County and Clerk of the Board of Supervisors, filed its affidavit stating:
As Clerk of the Board of Supervisors and after review of the minutes of the Board including the Board’s order and authorizations, Deputy Sam Bodie was not authorized to execute a promissory note on behalf of the Board of Supervisors or individual board members for medical services to a prisoner nor was the Sheriff so authorized.
We reverse and remand as there was a genuine issue of material fact as to the authority of Deputy Bodie to bind the county to be decided at trial and summary judgment should not have been entered.
REVERSED AND REMANDED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.