456 So.2d 761 (1984)
Marc A. BIGGERS
v.
John H. FOX, III.
No. 54404.
Supreme Court of Mississippi.
September 26, 1984.
Heber A. Ladner, Jr., Thomas Y. Page, Upshaw & Ladner, Jackson, for appellant.
James W. Newman, III, Jackson, for appellee.
Before BOWLING, HAWKINS and SULLIVAN, JJ.
*762 HAWKINS, Justice, for the Court:
Attorney Marc Biggers appeals from a summary judgment in favor of John H. Fox, III in the Chancery Court of the First Judicial District of Hinds County.
We find there are unresolved questions of law and of fact, and that the chancellor was premature in rendering summary judgment. Accordingly, we reverse.
In 1979 Biggers was an attorney employed in the law firm of Fox. They reduced to writing their agreement on the division of a fee payable unto Fox under a contract with a client.
AGREEMENT FOR PAYMENT FOR SERVICES RENDERED
This Agreement entered into this the 5th day of March, 1979, in furtherance of and in compliance with the employment relationship existing between John H. Fox, III and Marc A. Biggers in order to set forth the parties rights under a fee payment agreement executed by John H. Fox, III and Seth P. Ball and Barbara McDonald Ball on the 30th day of March, 1979, a true and correct copy of which is attached hereto and made a part hereof by reference; and,
WHEREAS, payments for legal services rendered to Seth P. Ball are to be made in five equal installments of $24,000 over a period of five years beginning on or before April 15, 1980 and continuing thereafter until paid, and,
WHEREAS, said payments as provided by the Fee Payment Agreement (Exhibit "A") provides that the payments should be made by Seth P. Ball and Barbara McDonald Ball and their heirs and assigns to John H. Fox, III, his heirs and assigns; and,
WHEREAS, that in order to secure the benefits to which Marc A. Biggers is entitled under his employment relationship with John H. Fox, III, in the provision of said services therein described the parties hereto deem it advisable and prudent to execute this agreement setting forth the entitlement of said Marc A. Biggers from John H. Fox, III from fees received under said fee payment agreement.
NOW THEREFORE, IT IS MUTUALLY COVENANTED AND AGREED THAT John H. Fox, III, his heirs or assigns will pay to Marc A. Biggers, his heirs or assigns, the sum of $8,000.00 on or before the 15th day of April, in each of the years beginning April 15, 1980 and continuing thereafter until paid. It is specifically agreed and understood that said payments are to be made from the $24,000.00 due and owing from Seth P. Ball and Barbara McDonald Ball, their heirs and assigns under the fee payment agreement (Exhibit "A"), as and when paid; and that in the event said payments for some reason are not forthcoming from Seth P. Ball and Barbara McDonald Ball, their heirs and assigns, the obligation of Fox for the above payments will be cancelled or deferred, contingent upon receipt of the benefits due and owing to Fox under said Fee Payment Agreement (Exhibit "A").
WITNESS OUR SIGNATURES, this the 5th day of March, 1979.
 s/John H. Fox
 JOHN H. FOX, III
 s/Marc A. Biggers
 MARC A. BIGGERS
Thereafter, a partnership was formed between the two of them, which was later dissolved. On March 24, 1981, Biggers wrote the following agreement:
FOR AND IN CONSIDERATION OF THE SUM OF $5,000.00, I, Marc A. Biggers, do hereby transfer and assign all my right, title and interest in the assets of the partnership of FOX & BIGGERS, to John H. Fox, III. Payment of said sum shall be made on monthly basis as current accounts payable owing to said partnership received.
 s/Marc Biggers 3/24/81
 MARC A. BIGGERS
Fox paid Biggers the $5,000 in four monthly installments. No payment was made on the 1979 agreement after 1981.
*763 On June 22, 1982, Biggers filed suit against Fox for specific performance and an injunction to compel him to pay the sums due under the 1979 agreement.
On July 27, 1981, Fox answered, and also filed a motion for summary judgment. Attached to his motion were the above agreements, copies of four cancelled checks for $1,250 each, and the following affidavit:
AFFIDAVIT
STATE OF MISSISSIPPI COUNTY OF HINDS
Personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named JOHN H. FOX, III, who by me being first duly sworn stated on oath that the allegations of fact recited in the foregoing Answer are true and correct as therein stated and that having, at the specific instance and request of Marc A. Biggers to pay to the said Marc A. Biggers the sum of $5,000.00 in consideration for the sale, transfer and assignment of all of the assets of the partnership of the parties to the affiant, affiant thereafter paid to Marc A. Biggers, in four equal installments of $1,250.00 each during the months of April, June, July and September of the year 1981, the full sum of $5,000.00 which said sum was received and accepted by said Marc A. Biggers according to the terms of said note and further, that said sum was paid in full accord and satisfaction of said note dated March 24, 1981 as exhibited herewith and to the accomplishment of the dissolution of the partnership theretofore existing.
 s/John H. Fox
 JOHN H. FOX, III
Hearing on the motion was set for August 10, 1982. On that date Biggers for the first time filed a counter-affidavit. The chancellor ruled that Rule 56(c) required the opposing affidavit to be filed prior to the day of the hearing,[1] and excluded Biggers' affidavit from consideration on the motion.
The chancellor then held that there was no genuine issue of any material fact and Fox was entitled to judgment as a matter of law.
While not intimating their ultimate meaning or effect, we find the two agreements contradictory and ambiguous. The affidavit of Fox, concluding that payment of $5,000 was an accord and satisfaction, failed to give of his own personal knowledge all the essential facts necessary to constitute an accord and satisfaction. See: Lovorn v. Iron Woods Products Corp., 362 So.2d 196 (Miss. 1978).
All issues can be resolved in a trial.
There is no necessity to address whether the chancellor erred in refusing to consider the counter-affidavit. We will say this: when an attorney is aware that affidavits are needed by a court to reach a decision, it is neither fair to the court nor opposing counsel to wait until the hearing date to file the affidavit. We will not be kindly disposed to an attorney who charges error on the part of a judge who refused to consider such an affidavit, especially if it contains affirmative allegations.
We reverse and remand for hearing on the merits.[2]
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.
NOTES
[1] Rule 56(c) is as follows:

Motions and Proceedings Thereon. The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.
[2] Neither have we been called upon to address the appropriateness of a Chancery Court for this lawsuit.