457 So.2d 941 (1984)
Norman George DENNIS
v.
Charles Roger SEARLE and Wife, Susan M. Searle.
No. 54433.
Supreme Court of Mississippi.
October 10, 1984.
*942 Rex K. Jones, Hattiesburg, for appellant.
David R. Smith, Colette A. Oldmixon, Smith, Smith, Tate, Stuart & Cruthird, Poplarville, for appellees.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This termite damage case presents issues bigger than termites. The purchaser of a residence in Pearl River County has found substantial termite infestation in his new home. The contract of sale having addressed the subject, albeit ambiguously, the purchaser has brought suit against the sellers seeking damages.
The Chancery Court of Pearl River County sustained the sellers' motion for summary judgment, Rule 56, Miss.R.Civ.P., and entered final judgment against the purchaser, who brings this appeal. On at least one theory of recovery advanced by the purchaser plaintiff, we hold that the defendant sellers did not establish that there were no genuine issues of material fact or that they were entitled to judgment as a matter of law.
We reverse in part and remand for trial on the merits.

II.

A.
On April 10, 1980, Charles Roger Searle and Susan M. Searle, as sellers, and Norman George Dennis, as purchaser, entered into a contract for the sale and purchase of a dwelling in Poplarville, Mississippi. Paragraph 9 of the contract included the following language:
(9) SPECIAL PROVISIONS:
Sale conditioned on ... house free of termites based on certificate of pest control concern acceptable to purchaser and termite damage repaired....
On May 23, 1980, the final closing took place in the office of Dennis' attorney. At that time, Mrs. Searle tendered to Dennis a document from All-I-Good Pest Control, Inc. According to Mr. Dennis, in his deposition, the paper he received at closing was a contract between the Searles and All-I-Good for pest control and termite treatment, not a certificate stating that the house was free of termite infestation at the time. As an exhibit to his complaint, Dennis attached a copy of this termite service agreement between the Searles and All-I-Good dated April 21, 1980, approximately one month prior to closing.
The Searles have placed in the record a wood infestation report prepared by All-I-Good dated March 27, 1979  some fourteen months prior to closing. That report indicates no termite damage present in the house at that time. Dennis contends that he never saw the actual wood infestation report until it was attached as an exhibit to the Searles' answer in this lawsuit.
At the closing no further question was raised regarding the termite provision of the contract. Insofar as the record discloses, the purchase and sale were at that time otherwise consummated in accordance with the contract.
Subsequent to closing, Dennis discovered that there was substantial termite infestation of the home. Dennis has produced a statement of one J.C. Arban dated June 12, 1980  just twenty days after the closing  to the effect that there was "apparent termite damage" inside the sill on the back wall and possibly across the front under the front door. Approximately a year later Stephen R. Leker, District Entomologist, Department of Agriculture and Commerce, *943 State of Mississippi, examined the residence and found extensive and serious termite damage in the lumber of the floor support beams, inside sills, plates and subflooring. Entomologist Leker stated in his affidavit,
In my judgment this damage had been incurred one and one-half to two years prior to my inspection. In other words, the termite damage had occurred well before the 15th day of December, 1979.
Dennis charges that the cost of repairing the termite damage is approximately $5,621.56.

B.
On February 2, 1982, Norman George Dennis commenced this civil action by filing his complaint against Charles Roger Searle and Susan M. Searle in the Chancery Court of Pearl River County, Mississippi. In his complaint, Dennis alleged two theories of recovery: fraud and breach of contract. He demanded as damages $1,600 as the cost of a termite treatment job, $5,621.56 for repair of the termite damage in the house, and $25,000 for the loss or decrease of the fair market value of the house because of the termite damage, for a total demand of $32,221.56. Dennis also demanded that the Searles be required to pay his attorneys fees.
The Searles answered denying the fraud charges and asserting that they had complied with all of their obligations under the contract and in any event that Dennis, by accepting the certificate of All-I-Good at closing and proceeding with the purchase of the property, was estopped from seeking relief.
Amended pleadings were subsequently filed and discovery was indulged in. Matters were brought to a head, for the moment at least, on September 2, 1982, when the Searles filed their motion for summary judgment in accordance with Rule 56, Miss. R.Civ.P. The chancellor took up and heard the motion on September 22, 1982. At that time he had before him the sworn complaint[1] and amended complaint, the admissions made in the answer of the Searles, the deposition of Norman George Dennis taken June 16, 1982, the affidavit of Patty Palmer dated July 9, 1982, the affidavit of Norman George Dennis dated September 11, 1982, the affidavit of Entomologist Stephen R. Leker dated September 9, 1982.
Following the hearing the learned chancellor held that there was no genuine issue of material fact and that the Searles were entitled to judgment as a matter of law. Accordingly, he entered judgment summarily in favor of the Searles and against Dennis. Enroute the chancellor held on the fraud count that Dennis had simply not presented credible evidence that the Searles had been guilty of a fraudulent misrepresentation or that they knew of the termite infestation in the house at the time of contract and sale. On the contract count, the court reasoned that Dennis had
... agreed that the defendants employed a pest control concern as provided for in the contract which issued a certificate acceptable to plaintiff [Dennis] and his attorney as being in compliance with the terms and conditions of the contract and based thereon elected to proceed to final closing and purchase the property.
From this summary judgment, Dennis prosecutes the instant appeal.

III.
The procedure whereby in a civil action final judgment may be entered summarily and without plenary trial on the merits has been a part of our law since January 1, 1982. Rule 56, Miss.R.Civ.P. Its contours and nuances are becoming familiar and established. See Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983); Bourn v. Tomlinson Interests, Inc., 456 So.2d 747 (Miss. 1984); Holland v. Kennedy, 454 So.2d 1305 (Miss. 1984); Biggers *944 v. Fox, 456 So.2d 761 (Miss. 1984); Dethlefs v. Beau Maison Development Corporation, 458 So.2d 714 (Miss. 1984).
For present purposes we need keep well in mind the admonition of the Advisory Committee in its Comment to Rule 56:
A motion for summary judgment lies only where there is no genuine issue of material fact; summary judgment is not a substitute for trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried.
In Brown v. Credit Center, Inc., we stated:
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
444 So.2d at 362.
Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says just the opposite. Issues of fact, as a matter of proper construction of Rule 56, also exist where there is more than one reasonable interpretation that may be given undisputed testimony, where materially differing but nevertheless reasonable inferences may be drawn from the uncontradicted facts, or where the purported establishment of the facts has been sufficiently incomplete or inadequate that the trial judge cannot say with reasonable confidence that the full facts of the matter have been disclosed.
In Brown we further recognized that
Reasonable minds may differ on the question of whether there is a genuine issue of material fact. .. . If there is to be error at the trial level it should be in denying summary judgment and in favor of a full live trial.
444 So.2d at 362-363.
Brown v. Credit Center, Inc. also noted that Rule 56(d), Miss.R.Civ.P., authorizes partial summary judgments, that is, the granting of summary judgment on those issues where there are no disputes of fact and where the moving party is entitled to judgment as a matter of law and leaving the remainder of the case for trial.
Partial summary judgments when granted have the effect of removing from trial issues that ought not be there. The courts and litigants are thus free to concentrate on the real to the exclusion of the pretended.
444 So.2d at 363.
Where motions for summary judgment are filed in the circuit court, care must be taken that a litigant's right to trial by jury is not abridged. Brown v. Credit Center, Inc., 444 So.2d at 362. The case at bar has been brought in chancery court. In such cases some chancellors, consciously or unconsciously, will no doubt study the depositions of the parties, "assume" that they have before them all that the parties have to say about a matter, and decide the case summarily. Yet, if we are to give substantial deference to findings made by a trial judge sitting without a jury because that judge has had the opportunity to smell the smoke of the battle, Culbreath v. Johnson, 427 So.2d 705, 708 (Miss. 1983), we expect that he or she will in fact have smelled that smoke. Put more legalistically, Rule 56 means the same and should be construed the same whether the motion for summary judgment is filed in circuit court or chancery court, whether the case is to be heard by a jury or is to be tried to the court without a jury.

IV.

A.
The trial judge was eminently correct when he granted summary judgment *945 on so much of the complaint as charged the Searles with fraud. From the matters before us there can be no serious doubt but that the Searles had no actual knowledge of the termite infestation at the time they made the contract with Dennis or at the time of closing. Dennis offered nothing of any consequence to dispute this proposition or to establish actual fraudulent conduct on the part of the Searles. Indeed, Dennis recognizes the weakness of his claim here, for at oral argument he announced his abandonment of his appeal on this issue.

B.
The breach of contract issue is more troublesome. Because we believe there was a genuine issue of material fact presented and doubt that the Searles were entitled to judgment as a matter of law, we reverse on this issue.

1.
Where a contract is clear and unambiguous, its meaning and effect are matters of law which may be determined by the court. Pfisterer v. Noble, 320 So.2d 383, 384 (Miss. 1975). On the other hand, where the contract is ambiguous and its meaning uncertain, questions of fact are presented which are to be resolved by the trier of the facts after plenary trial on the merits. Biggers v. Fox, supra.
In Baylot v. Habeeb, 245 Miss. 439, 147 So.2d 490 (1962), this Court stated:
"Whenever the terms of a contract are susceptible of more than one interpretation, or an ambiguity arises, or the intent and object of the contract cannot be ascertained from the language employed, parol evidence may be introduced to show what was in the minds of the parties at the time of making the contract. * * *" 20 Am.Jur., Evidence, Sec. 1147. The ambiguity may arise from words which are uncertain when applied to the subject matter of the contract. Traders' Ins. Co. of Chicago v. Edwards Post, 1905, 86 Miss. 135, 38 So. 779. 53 Am. Jur., Trial, Sec. 266, states: "Where a contract is to be construed by its terms alone, it is the duty of the court to interpret it; but where its meaning is obscure, and its construction depends upon other and extrinsic facts in connection with what is written, the question of interpretation should be submitted to the jury, under proper instructions." It is for the jury to determine what is the agreement of the parties, where there is uncertainty of a written contract because of ambiguity or doubtfulness. 53 Am. Jur., Sec. 267, 269; Harris v. Williams (Miss. 1949), 43 So.2d 364; Frisby v. Grayson, 1953, 216 Miss. 753, 63 So.2d 96. This case was specially followed in Hadad v. Booth, 225 Miss. 63, 82 So.2d 639 (1955); and Covington Cadillac Company v. South Aire, Inc., 242 Miss. 716, 136 So.2d 866 (1962).
245 Miss. at 446-447, 147 So.2d at 494.
The interpretation of an unclear contract generally involves questions of fact sufficient so that our summary judgment procedure will be an inappropriate vehicle for final decision. See, Dobson v. Masonite Corporation, 359 F.2d 921 (5th Cir.1966), interpreting Mississippi law and 3 Corbin on Contracts, § 554 pp. 218-227. In Biggers v. Fox, supra, we expressly so held, even though the action had been brought in chancery court. Like other questions of fact, these too, generally ought not be resolved by summary judgment  rather they require a trial. Brown v. Credit Center, Inc., supra.
We have carefully reviewed the language in the contract in question. It provides
Sale conditioned on ... house free of termites based on certificate of pest control concern acceptable to purchaser and termite damage repaired.
There are any number of "ambiguities" in this language. On the one hand, this language may arguably be construed to mean that "house free of termites" is an absolute condition precedent to the obligation of Dennis to purchase the house and that the "certificate of pest control concern" is merely a procedural mechanism for determining when the sale should be *946 closed. On the other hand, it may be argued that the contract means that the acceptance of a termite certificate by Dennis binds him and does not, under the language of the agreement, permit him any relief if he subsequently finds that the information contained in the termite certificate was inaccurate.
Of course, we have a question of fact as to whether a termite certificate was furnished at closing. Dennis says that he was merely furnished with a copy of the termite control agreement of April 21, 1980. That document clearly is not a termite certificate. On the other hand, the wood infestation report produced by the Searles is 14 months out of date and its effect, even if it were furnished, is susceptible of argument.
Finally, the language in the agreement "termite damage repaired" is susceptible of the construction that the Searles remained obligated to repair any termite damage existing at the time of closing, period. Those three words could reasonably be read as meaning that any termite infestation or damage existing at the time of closing would be the Searles' responsibility, even though not disclosed in the infestation report. It cannot be said that the agreement expressly provides that the damage must be discovered and that Dennis on pain of waiver, must insist upon its repair before closing.
These musings are not intended to suggest the final and authoritative construction of this agreement and language in question. They are presented as undergirding for our conclusion that, as a matter of law, the language employed in the agreement is ambiguous. Having in mind that, on a summary judgment procedure, the evidence must be viewed in the light most favorable to the party against whom the motion has been made, we have merely tried to demonstrate that there are reasonable constructions of the language of the agreement favorable to the Searles. Because of these, we find the document ambiguous and its proper construction to present questions of fact which ought not to have been determined on summary judgment. Biggers v. Fox, supra.

2.
The trial judge's decision seems not so much based upon a construction of the contract adverse to Dennis but rather that Dennis' acceptance of the "paper" tendered at closing somehow waived any right he may have had to complain of termite infestation existing at that time. The trial judge based this conclusion upon Dennis "agreement" in his deposition
that Defendants [Searles] employed a pest control concern as provided for in the contract which issued a certificate acceptable to Plaintiff and his attorney as being in compliance with the terms and conditions of the contract and based thereon elected to proceed to final closing and purchased the property.
This conclusion regarding the facts simply cannot stand in view of Dennis' unequivocal insistence at his deposition that, at the time of closing, he was furnished a copy of the termite service agreement, not the wood infestation report.
As far as Dennis' "acceptance" is concerned, the relevant colloquy from Dennis' deposition taken by counsel for the Searles follows:
Q. And you accepted that as complying with the terms of the contract?
A. I think I accepted more the sincerity of the person giving the document to me rather than the print in the document itself.
Q. But you did accept the document as complying with the contract?
A. I accepted the document as given me by Mrs. Searle. I probably wouldn't have accepted it from somebody else.
Q. Doctor, I'm not trying to put words in your mouth, but after you were furnished this document from All-I-Good by Mrs. Searle, you accepted that and proceeded to go on with the final closing, did you not?
A. As given to me by Mrs. Searle, yes.
*947 This is not the sort of stuff of which summary judgments ought be made. This is particularly so when it is borne in mind that at the time of closing Dennis had no practical means of verification of the purported termite-free conditions of the house.
For present purposes, there are sufficient ambiguities and uncertainties in the circumstances surrounding the closing that we cannot say, on this limited record, that there are no genuine issues of material fact or that the Searles are entitled to judgment as a matter of law. Under Rule 56 the moving party  in this instance the Searles  carry the affirmative obligation to establish that there are no genuine issues of material fact. The Searles had the obligation to clear up any ambiguities and uncertainties in the facts or in the interpretations or inferences that could be made therefrom. We hold on this record that, with respect to the breach of contract issue, the Searles failed to carry this burden, as a result of which they lose their summary judgment.

V.
In conclusion, we hold that the chancellor correctly granted summary judgment on the fraud issue. So much of the judgment of September 22, 1982, as dismisses finally and with prejudice the claims of Norman George Dennis against Charles Rogers Searle and Susan M. Searle based on a fraud theory is affirmed.
On the other hand, with respect to the contract theory, we find that the Searles have failed to establish that there are no genuine issues of material fact or that they are entitled to judgment as a matter of law. To that extent the judgment below is reversed. Summary judgment for the Searles having been correctly granted only partially, Rule 56(d), Miss.R.Civ.P., this case is remanded for plenary trial on the merits of the breach of contract theory advanced by Dennis and any and all defenses thereto asserted by the Searles. It goes without saying that nothing said here should be taken as suggesting in any way, shape, form or fashion how the issues remaining in the case ought ultimately be decided after trial on the merits.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
PATTERSON, C.J., and BOWLING and SULLIVAN, JJ., not participating.
NOTES
[1] Under the Mississippi Rules of Civil Procedure, it is not necessary that a complaint be sworn before it may be filed in a chancery court. On the other hand, the fact that this complaint was sworn rendered its allegations eligible for consideration in opposition to the motion for summary judgment. See Rule 56(e), Miss.R.Civ.P.