This is an appeal from an order of the Circuit Court of Pearl River County granting summary judgment in favor of the appellee, South East Collections Agency, Inc., and against the appellant, the Pearl River County Board of Supervisors, in the amount of $14,591.70.
Pearl River appeals, assigning as error:
(1) The circuit court erred in granting summary judgment because genuine issues of material fact existed in the case.
(2) The circuit court erred in granting summary judgment because South East Collections was not entitled to judgment as a matter of law.
On September 15, 1979, Roby Mason was arrested by a Mississippi State Highway Patrolman. Mason was charged with driving under the influence and possession of marijuana. Mason was incarcerated in the City Jail of Picayune, Mississippi.
On September 19, 1979, Mason received a gunshot wound while in his cell. Mason was hospitalized in the Lucius Olen Crosby Memorial Hospital in Picayune, Mississippi. Mason was under the care of Dr. Thomas Purser from September 19, 1979 until November 15, 1979, incurring expenses for medical treatment of $14,591.70.
Southeast Collections, Inc., the assignee of Crosby Memorial Hospital, brought suit against the Pearl River County Board of Supervisors seeking judgment in the amount of $14,591.70. The circuit court was of the opinion that the case presented no material issues of fact, "but rather a strict interpretation of the law as defined by section 47-1-59 of the Mississippi Code of 1972, as amended." The court accordingly granted summary judgment in favor of Southeast Collections, relying upon Miss. Code Ann. §47-1-59 (1981), which provides:
 (1) When the sheriff, marshal or any other peace officer of this state has in his lawful custody a prisoner who, through accident, injury or illness, is in need of hospitalization, such officer may take such prisoner to the nearest hospital . . . and if upon arrival at such hospital any physician licensed to practice medicine in this state certifies that in his opinion such prisoner is in need of hospitalization, such prisoner shall be hospitalized in such hospital for as long as in the opinion of such physician it is necessary to so hospitalize such prisoner. . . .
 (2) The actual expense of guarding the prisoner in the hospital shall be paid out of the general funds of the county where the prisoner was originally confined or arrested. The expense contracted incident to the hospitalization aforesaid shall be paid by the prisoner; otherwise he may be hospitalized as a state aid patient. However, if the prisoner is ineligible for state aid or the amount available for hospitalization as a state aid patient is inadequate to pay all such hospital expense of a prisoner who is financially unable to pay his own expenses, the board of supervisors of the county where the prisoner was originally confined or arrested shall, upon presentation of the certificate of the physician certifying that said prisoner was in need of hospitalization, pay from the general funds of the county the reasonable and customary charges for such services or as much thereof as is not paid by state aid. Any such payment to a hospital shall be discretionary with the board of supervisors if its county supports the hospital involved by a special tax levy for its operation and maintenance.
Summary judgment is appropriate only where ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of *Page 785 
law." MRCP 56 (1972). The power to grant summary judgment is not discretionary with the trial court and the above test must be met in all cases. National Screen Serv. Corp. v. Poster ExchangeInc., 305 F.2d 647 (5th Cir. 1962); see also Wright Miller, Federal Practice Procedure § 2728 (1983). A fact is "material" if it tends to resolve any of the issues that have been properly raised by the parties. Scott Paper Co. v. Adair Truck Equipment Co., 542 F.2d 1257 (5th Cir. 1976).
The county contests several material facts, i.e., that the prisoner was a county prisoner, indigent and unable to pay, that the prisoner was in need of hospitalization for the entire length of time, and that the charges were reasonable and customary, as well as others. These represent genuine issues of material facts. The summary judgment of the court below reflects direct or indirect factual findings by the trial court on these disputed issues. This is inappropriate under Rule 56. MRCP 56, Comment (1982).
Our review of the record reveals substantial deficiencies in the form of the affidavits of the movant for summary judgment. Affidavits, where used, should be on personal knowledge. MRCP 56(e). The affidavit filed by the plaintiff in support of his motion was not on personal knowledge. The burden is on the movant to establish (a) the facts necessary to support the judgment he seeks and (b) that there is no genuine issue of material fact. The movant has failed to shoulder this burden. So that the parties will understand our decision, our reversal is predicated on movant's inadequate showing. We note, however, that defendant's response is also deficient in that it is not verified. "Only sworn denials providing a credible basis therefor in evidentiary fact will suffice" to defeat a motion for summary judgment when properly supported. Brown v. Credit Center, Inc.,444 So.2d 358, 364 (Miss. 1984).
This Court has interpretated the Summary Judgment Rule 56 in recent cases. Extensive discussion in Brown v. Credit Center,Inc., 444 So.2d 358 (Miss. 1984) sets forth procedural and evidentiary matters necessary to prevail on such a motion to which we refer the parties and the Court. See also: Pearl RiverCounty Board of Supervisors, L.K. Sones, G.W. Moody, E.M. Clark,Glenn Dossett And Hollis O. Mitchell v. South East CollectionsAgency, Inc. d/b/a South East Collections, 459 So.2d 785 (1984);Dennis v. Searle, 457 So.2d 941 (1984); Biggers v. Fox,456 So.2d 761 (1984); Holland v. Kennedy, 454 So.2d 1305 (1984).
The legal questions involved in this case necessarily require a full factual development. We do not address the second assignment of error for this reason. Therefore, the order of the court below granting summary judgment in favor of the appellee, Southeast Collections, Inc. is reversed, and this cause is remanded for trial.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.