602 So.2d 835 (1992)
BURKHALTER & COMPANY, a Professional Association, and System Solutions, Inc.
v.
Kenneth F. WISSNER, Jr. and Abacus Data Services, Inc.
No. 89-CA-0765.
Supreme Court of Mississippi.
June 17, 1992.
Janet McMurtray, Fred Krutz, III, Daniel J. Mulholland, Forman Perry Watkins & Krutz, Jackson, for appellants.
W. Nye Patterson, Sharon Patterson Thibodeaux, Patterson & Thibodeaux, Jackson, John C. McLaurin, McLaurin & McLaurin, Brandon, for appellees.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
Today's appellants are the former employers of a data processing specialist who left his original employment and opened a like business of his own. All of this is said *836 to be in violation of the original employment agreement, termination agreement and covenant not to compete. The Chancery Court granted summary judgment to the former employee, whose former employers now appeal. We reverse and remand.

II.
Burkhalter & Company is a professional accounting firm based in Jackson, Mississippi. In addition to conventional accounting services, Burkhalter designs and sells computer software to its clients to enable them to perform in-house some of their own accounting and bookkeeping. It provides this computer accounting service through a separate corporation, currently known as SSI, Inc. Burkhalter and SSI are hereinafter collectively labeled "Burkhalter."
In July of 1983, Burkhalter employed Kenneth F. Wissner, Jr., who had experience in data processing and in designing computer software programs. Burkhalter hired Wissner because of this expertise and assigned him particularly to prepare software programs to perform accounting operations such as billing, accounts receivable, accounts payable and the like, for local telephone companies which were Burkhalter's clients. Incident to his employment, Wissner accepted a duty to respect the confidentiality of Burkhalter's commercial and client information and signed an agreement to this effect. Wissner also agreed that, should he leave Burkhalter's employ, he would not engage in a competitive business for three years thereafter. The covenant not to compete contained a clause which reads:
The CDP [Wissner] agrees that the Corporation [Burkhalter] would suffer great loss and damages if, during the CDP's employment or within three (3) years subsequent to the date of termination thereof, the CDP should, for himself or on behalf of any other person, persons, partnership or corporation by whom he may be subsequently employed or interested, solicit, either directly or indirectly, or in any manner whatsoever render accounting services to any person, persons, partnership or corporation serviced by the Corporation or to be serviced by the Corporation. [Emphasis added]
In March of 1986, Wissner left Burkhalter's employ and in connection therewith executed an Employment Termination Agreement. In this agreement Wissner reacknowledged his duties of confidentiality, of respect for Burkhalter's property rights, and not to compete. He also represented
[Wissner] has, upon termination, turned over to [Burkhalter] all files, source codes, documentation, record of professional services rendered or software written by him under the terms of the Employment Agreement. All these files, returns, software memoranda and correspondence belong to [Burkhalter] and shall remain the property of [Burkhalter].
Soon thereafter, Wissner formed a new corporation, Abacus Data Services, Inc. Wissner is an incorporator, shareholder, director, officer, and employee of Abacus which, we are told, is in competition with Burkhalter in the sales of computer programs designed to provide telephone companies with accounting services. Specifically, it appears Wissner and Abacus have provided services to at least two of Burkhalter's customers, Hughes Telephone and Pine Belt Telephone, less than three years after Wissner's termination. The services Wissner provided to Hughes and Pine Belt were virtually identical to those he was providing these customers while employed at Burkhalter.
On February 21, 1989, Burkhalter & Company and Systems Solutions, Inc., filed suit in the Chancery Court of Rankin County, Mississippi, naming Kenneth F. Wissner and Abacus Data Services, Inc., as defendants. Burkhalter alleged Wissner had breached his duties of confidentiality, respect for property rights, and non-competition. Wissner and Abacus answered and counterclaimed, alleging tortious interference with business relations.
On April 12, 1989, less than two months after Burkhalter filed suit, Wissner and *837 Abacus moved for summary judgment on all issues. In the meanwhile, Burkhalter had pursued discovery and, in fact, had pending a motion to compel discovery in which it charged Wissner and Abacus with providing inadequate responses. Notwithstanding its failure to rule on Burkhalter's motion to compel, the Chancery Court, on May 23, 1989, granted summary judgment, finding that Burkhalter "had failed to demonstrate to this court that there is a genuine issue of fact for trial."

III.
In their briefs before this Court, the parties contest vigorously whether the Burkhalter-Wissner agreement extended to the data processing services Wissner was providing post-1986 through Abacus Data Services, Inc. The agreement quoted above prohibits Wissner from rendering "accounting services" in competition with Burkhalter and in violation of the agreement. Wissner would have us hold this language limited to traditional accounting services such as bookkeeping, auditing and the like.
Concerning construction of this critical language, we note UHS-Qualicare, Inc. v. Gulf Coast Community Hospital, 525 So.2d 746 (Miss. 1987).
It is said that the first rule of contract interpretation is to give effect to the intent of the parties. Sumter Lumber Co. v. Skipper, 183 Miss. 595, 608, 184 So. 296 (1938). More correctly stated, our concern is not nearly so much what the parties may have intended as it is what they said, for the words employed are by far the best resource for ascertaining intent and assigning meaning with fairness and accuracy.
Id. at 754.
Cherry v. Anthony, Gibbs, Sage, 501 So.2d 416 (Miss. 1987) is to like effect:
The most basic principle of contract law is that contracts must be interpreted by objective, not subjective standards. A court must effect a determination of the meaning of the language used, not the ascertainment of some possible but unexpressed intent of the parties.
Id. at 419. Put otherwise, the search for intent of contracting parties is properly directed when it focuses upon the language of the contracting parties set in the context of the objective accessible world of conduct and circumstances surrounding the contract. In this view, the one thing we may not say is that "accounting services" excludes the sort of services Wissner provides through Abacus.
We have enjoined heretofore that ambiguities in contracts and other legal writings not be resolved via summary judgment. See, e.g., Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985); Dennis v. Searle, 457 So.2d 941, 944-45 (Miss. 1984); Biggers v. Fox, 456 So.2d 761 (Miss. 1984). Given the milieu in which these documents exist, it seems likely what Wissner is doing was within "accounting services." He is using modern technology to do what accountants have traditionally done. That Wissner was providing computer software accounting programs to facilitate clients performing in-house basic accounting functions, such as billing, accounts receivable, and accounts payable, does not alter the nature of the service. Indeed, in spite of the parties' disagreement, the court below reported "no disagreement or argument with the plaintiffs' [Burkhalter and SSI, Inc.] reasoning ... with respect to the interpretation of agreements."

IV.
The court below principally questioned the substantive force of the record before it to demonstrate a genuine issue for trial regarding Wissner's alleged violation of his various duties under the several agreements. We review this ruling in the light of Burkhalter's three principal claims. First, Burkhalter says Wissner violated the clear terms of the Employment Agreement by designing computer accounting programs for Burkhalter's clients after leaving its employ. Second, based primarily on the speed with which Wissner was able to "design" new programs for Burkhalter's clients, Burkhalter concludes Wissner has impermissibly used confidential information. Third, based on the continued use of Burkhalter's computer programs under Abacus' name, and on untrue and disparaging statements Wissner is said to have made, Burkhalter claims unfair competition.
*838 In reviewing the record in the light of these claims, our law requires that we take into account all:
the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied... . In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.
Clark v. Moore Memorial United Methodist Church, 538 So.2d 760, 762 (Miss. 1989) (citing Short v. Columbus Rubber & Gasket Co., Inc., 535 So.2d 61 (Miss. 1988)). See also Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss. 1988); Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986); Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984); Pearl River County Bd. of Supervisors v. South East Collections Agency, Inc., 459 So.2d 783, 785 (Miss. 1984); 10 Wright, Miller & Kane, Federal Practice and Procedure § 2716 (1983 and Supp. 1988). We consider as well that the non-moving party is entitled to the benefit of all reasonable favorable inferences that may be drawn from the record.
These standards in mind, we find the record before us to suggest genuine issues of material fact on each of Burkhalter's claims (although we find little supporting the "untrue and disparaging statements" claim). The record positively reflects facts and circumstances and inferences therefrom that preclude our holding Burkhalter may not proceed further.
We note particularly that the Chancery Court acted promptly, if not precipitously, in granting Wissner and Abacus summary judgment, notwithstanding its failure to rule on Burkhalter's motion to compel. There seems little doubt that the Court provided Burkhalter an inadequate opportunity to complete discovery and was otherwise inappropriately premature in entering summary judgment. See, e.g., Malone v. Aetna Casualty and Surety Co., 583 So.2d 186, 187-88 (Miss. 1991); Crain v. Cleveland Lodge 1532, 560 So.2d 142, 145-46 (Miss. 1990); Godines v. First Guaranty Savings & Loan Association, 525 So.2d 1321, 1325 (Miss. 1988); Smith v. H.C. Bailey Companies, 477 So.2d 224, 233 (Miss. 1985).
Without further ado, we hold that the Chancery Court erred when it granted the motion for summary judgment. We reverse the judgment entered below and remand the case to the Chancery Court of Rankin County, Mississippi, for such further proceedings as may be appropriate, had the Court originally denied Wissner's and Abacus' motion for summary judgment. We trust it goes without saying that nothing said here should be taken to intimate any views on how any of Burkhalter's claims should be resolved on their merits, or, for that matter, the counterclaim of Wissner and Abacus.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., concurs in result only.