## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CT-00112-SCT

*JOHN DELAHOUSSAYE*

*v.*

*MARY MAHONEY'S, INC.*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/14/94 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID C. FRAZIER |
| ATTORNEYS FOR APPELLEE: | PATTI C. GOLDEN |
| | MICHAEL F. CAVANAUGH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 3/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/27/97 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This matter comes before the Court, en banc, after granting petitioner's application for writ of certiorari. The trial court granted summary judgment after finding that there was no supportive evidence which showed that the defendant restaurant had sold beer to a minor in violation of Miss. Code Ann. § 67-3-53(b) so as to proximately cause plaintiff's injuries. We find that there was sufficient conflict in the statements of the witnesses to create a genuine issue of material fact suitable for a jury's determination.

¶2. On March 19, 1989, John Delahoussaye's car stalled on Highway 90 at the Biloxi/Ocean Springs Bridge. Another motorist stopped behind him and helped to push the disabled car out of the traffic flow. While attempting to move the car, a truck driven by Ronald Martin crested the hill and struck the two vehicles, seriously injuring Delahoussaye. Martin and his passenger, Tracy Collins, had been to a St. Patrick's Day celebration at Mary Mahoney's restaurant. Both had been drinking alcoholic beverages and were under the age of twenty-one.

¶3. Delahoussaye filed a negligence action in the Circuit Court of Jackson County against Martin and Mary Mahoney's, Inc., alleging that the restaurant had served alcohol to a minor in violation of Miss. Code Ann. § 67-3-53(b). At trial, both Martin and Collins testified that Martin's intoxication was the result of drinking beer exclusively at Mary Mahoney's restaurant. The jury returned a verdict and an award of $358,000 for Delahoussaye. After the trial, two previously unknown witnesses came forward and stated that they saw Collins and Martin at the accident scene removing cans of beer from an ice chest in Martin's truck and throwing them from the bridge. Martin then recanted his testimony and a new trial was ordered. Martin later pled guilty to a charge of perjury. Mary Mahoney's, Inc., moved for summary judgment based on Martin's statement that his impairment stemmed from his own marijuana and beer consumption and that he did not remember being furnished alcohol at the restaurant. The trial court granted the motion and dismissed the complaint.

¶4. The Court of Appeals affirmed the trial court by a vote of six to three. The majority of the appellate court found that there were no material facts in dispute and held that there was no evidence in the record to support a claim that the restaurant sold or otherwise furnished beer to Martin. The dissenting opinion focused on Collins's testimony that she saw Martin drinking beer at the restaurant and, further, that Martin himself never recanted his testimony that he drank beer at Mary Mahoney's but only his statement that he purchased beer there.

¶5. This Court conducts a de novo review of a lower court's decision to grant summary judgment. *Allen v. Mac Tools*, 671 So. 2d 636, 640 (Miss. 1996); *National Farmers Union Property & Casualty Co. v. First Columbus National Bank*, 669 So. 2d 767, 769 (Miss. 1996). It is well settled that a motion for summary judgment should be overruled unless the trial court finds that the plaintiff would be unable to prove any facts to support his claim. *Daniels v. GNB, Inc.,* 629 So. 2d 595, 599 (Miss. 1993). This Court has held that negligence is almost always an issue for a jury to decide "except in the clearest cases." *Caruso v. Picayune Pizza Hut*, 598 So. 2d 770, 773 (Miss. 1992); *Bell v. City of Bay St. Louis*, 467 So. 2d 657, 664(Miss. 1985).

¶6. "Therefore, in a summary judgment proceeding, the plaintiff must rebut the defendant's claim (*i.e.*, that no genuine issue of material fact exists) by producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such was the proximate cause of [plaintiff's] injury." *Palmer v. Biloxi Regional Medical Center*, 564 So. 2d 1346, 1355 (Miss. 1990). Consequently, it is incumbent upon the plaintiff opposing the motion for summary judgment to set forth, by affidavit or some other form of sworn statement, specific facts which give rise to genuine issues that should be submitted to a jury. *Fruchter v. Lynch Oil Co.*, 522 So.2d 195, 199 (Miss. 1988).

¶7. In response to the motion for summary judgment, Delahoussaye submitted (1) the trial testimony of Tracy Collins that the restaurant had sold beer to her and (2) the affidavit of an accident scene witness who stated that, upon his arrival, he did not observe a cooler of beer in Martin's truck or anyone throwing cans of beer from the bridge. In a deposition given after the trial, Collins stated that Martin had purchased beer at Mary Mahoney's. The statement was based on seeing Martin drink beer from a plastic cup similar to hers. Although Collins never actually saw Martin purchase beer at the restaurant, she testified that she and her other teen-age friends had been purchasing alcoholic beverages that night and that the bartenders never asked for identification. There is also conflict between the statements of accident scene witnesses as to the presence of beer or an ice chest in

Martin's truck.

¶8. This Court has also held that summary judgment is inappropriate where differing but reasonable inferences may be drawn from uncontradicted facts. *Dennis v. Searle*, 457 So. 2d 941, 944 (Miss. 1984). Collins's deposition testimony that she purchased beer without impediment and that she saw Martin drinking beer at the restaurant lends itself to the reasonable inference that Martin too might have purchased beer at the restaurant.

¶9. The dissenting appellate opinion correctly observed that "[i]t is not for the trial court to decide which of the witnesses is telling the truth, or give greater weight to the testimony of certain witnesses." The decision of the Court of Appeals is hereby reversed and the matter remanded to the Circuit Court of Jackson County for a trial on the merits.

¶10. REVERSED AND REMANDED.

LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE AND MILLS, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS, J.

SMITH, JUSTICE, DISSENTING:

¶11. Subsequent to the first trial of this cause, two previously unknown witnesses came forward with testimony that totally contradicted both Martin's and Collins's prior testimony at trial. Both had testified that Martin's intoxication resulted solely from drinking beer sold by and consumed while at Mary Mahoney's Restaurant. The two new witnesses testified that contrary to Martin and Collin's prior testimony, they had observed both of them at the scene of the accident in question, removing and tossing cans of beer from an ice cooler located in Martin's truck. Martin promptly recanted his testimony, pled guilty to a charge of perjury and Mary Mahoney's was granted a new trial which resulted in the trial court granting the restaurant's motion for summary judgment.

¶12. The Court of Appeals affirmed the lower court holding that there were no material facts in dispute in that there was no evidence in this record to support a claim that Mary Mahoney's had sold or furnished beer to Martin. The majority finds that a conflict exists in the testimony of the various witnesses to require the matter to be submitted to a jury. I disagree and therefore am compelled to dissent.

¶13. Tracy Collins's deposition merely stated that she and other teenagers had purchased beer at the restaurant on that occasion and that bartenders never asked them for identification. She further stated that she saw Martin in possession of a plastic beer cup similar to hers. Such testimony at best was mere speculation that the cup may have contained beer. As to where he got the cup and what it contained, who knows. It may have even been the one that she gave Martin. She equated this with Martin having undoubtedly purchased beer from the restaurant. However, Collins never claimed to have observed Martin purchasing beer at the restaurant, nor did she claim as a known fact that Martin had beer in this similar cup that she had observed him carrying at the restaurant. Such testimony at best was mere speculation that the similar cup may have contained beer.

¶14. Collins did claim to have given Martin one beer that she had purchased, but she could not testify whether Martin even consumed that beer. This fact too, even if true, is irrelevant to the issue at bar of whether Mary Mahoney's sold or furnished through its employees any beer to Martin that night. Such evidence was insufficient to support a claim against Mary Mahoney's. The evidence in the case at bar supports the summary judgment award in favor of the restaurant.

¶15. Admittedly there are facts which would subject witnesses to impeachment, but certainly not material to the issue at bar to the extent to preclude summary judgment. ***Vickers v. First Miss. Nat'l Bank***, 458 So. 2d 1055, 1061 (Miss. 1984). The conflict between witnesses regarding the cooler of beer in Martin's truck, occurring subsequent to their leaving the restaurant is of no great consequence to, nor does it produce affirmative evidence of the real issue of this case: whether Mary Mahoney's sold beer to Martin. Here, Delahoussaye has failed to produce affirmative "probative evidence legally sufficient to make apparent the existence of triable fact issues." ***Erby v. North Miss. Medical Ctr.***, 654 So. 2d 495, 499 (Miss. 1995). The material facts on the issue at bar are not in dispute. Summary judgment was proper.

¶16. I respectfully dissent.

**ROBERTS, J., JOINS THIS OPINION.**