# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2007**

Charles R. Fulbruge III
Clerk

No. 07-60128

COOPER TIRE & RUBBER CO.

Plaintiff-Appellant

v.

JOHN BOOTH FARESE; FARESE, FARESE & FARESE, P.A.; JOHN DOES
A-A; BRUCE R KASTER; BRUCE R KASTER, P.A.

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:02-CV-210

Before JOLLY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cooper Tire & Rubber Co. ("Cooper Tire") brings suit against attorneys Bruce Kaster and John Booth Farese and their law firms alleging tortious interference with business relations, tortious interference with contract, and civil conspiracy. A prior panel of this court reversed the district court's grant of summary judgment in favor of Kaster and Farese and remanded for trial on the merits. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 459 (5th Cir. 2005)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("Cooper Tire I"). On remand the district court again granted summary judgment against Cooper Tire, and we again reverse.

## I. FACTS AND PROCEEDINGS

The history of this case is set out in detail in this court's prior opinion. Id. at 450–54. Cooper Tire sued Kaster and Farese for their role in procuring testimony from former Cooper Tire employee Kathy Barnett, allegedly in violation of a separation agreement between Barnett and Cooper Tire. Cooper Tire alleges that:

> Cathy Barnett, upon ending her employment at Cooper Tire, signed a separation agreement that contained a non-disparagement clause; nevertheless, she executed an affidavit, prepared with Farese, containing false and disparaging statements about Cooper Tire; despite knowledge of the separation agreement, Farese provided Barnett's affidavit to another attorney, who provided it to Kaster, for use in pending litigation in Arkansas against Cooper Tire; despite knowledge of the separation agreement, Kaster leaked the affidavit to the media; as a result, Cooper Tire sustained extremely substantial losses to its stock value; and Kaster paid Farese $50,000 after the Arkansas litigation was settled.

Id. at 450.

In the first summary judgment proceeding, the district court found that the separation agreement was contrary to Mississippi public policy because it protected an illegal enterprise by preventing Barnett from testifying about wrongdoing by Cooper Tire. Id. at 456. This court reversed and remanded for trial, holding that the agreement was not illegal under Mississippi law. Id. at 457. On remand, Kaster and Farese again moved for summary judgment and argued that the separation agreement was illegal because it violated an obscure anti-bribery statute, section 97-9-9 of the Mississippi Code. The district court again granted summary judgment in favor of Kaster and Farese. Cooper Tire & Rubber Co. v. Farese, 2007 U.S. Dist. LEXIS 1779, at *21 (D. Miss. 2007) ("Cooper Tire II"). Cooper Tire now appeals.

## II. STANDARD OF REVIEW

This court reviews motions for summary judgment de novo, construing all facts and inferences in the light most favorable to the nonmoving party. Cooper Tire I, 423 F.3d at 454. "We review de novo a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or mandate rule forecloses any of the district court's actions on remand." United States v. Pineiro, 470 F.3d 200, 204 (5th Cir. 2006). We review the district court's rulings related to sealed documents for abuse of discretion. SEC v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993).

## III. DISCUSSION

The district court erred by not correctly applying the law of the case following remand. "The law of the case doctrine provides that a decision of a factual or legal issue by an appellate court establishes the law of the case and must be followed in all subsequent proceedings in the same case in the trial court . . . ." Lyons v. Fisher, 888 F.2d 1071, 1074 (5th Cir. 1989) (internal quotation omitted); see also Knotts v. United States, 893 F.2d 758, 761 (5th Cir. 1990). Courts have the discretion to ignore the law of the case under certain narrow exceptions: "if substantially different evidence has been presented, there has been an intervening change in the law, or the prior decision was clearly erroneous and it would work a manifest injustice." Browning v. Navarro, 887 F.2d 553, 556 (5th Cir. 1989). Absent such exceptions, the law of the case doctrine applies not only to things decided explicitly but also to matters settled "by necessary implication:" "those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed are deemed to have been decided tacitly or implicitly, and their disposition is law of the case." Office of Thrift Supervision v. Felt, 255 F.3d 220, 225 (5th Cir. 2001).

The separation agreement's legality was fully briefed and argued before the prior panel. Cooper Tire I held that the non-disparagement clause was legal under Mississippi law and remanded the case for trial. 423 F.3d at 456–57. Following remand, the district court again found that the separation agreement was illegal, this time under section 97-9-9 of the Mississippi Code. Cooper Tire II, 2007 U.S. Dist. LEXIS 1779, at *6–7. The district court relied on the fact that section 97-9-9 was not before the Cooper Tire I panel. Id. This finding misunderstands the scope of the law of the case doctrine and the substance of Mississippi law on this topic.

Subject to a few narrow exceptions, the law of the case controls legal claims which were fully litigated and decided in the first appeal, even if parties seek to introduce new legal or factual evidence on remand. See Felt, 255 F.3d at 225. In Lyons, this court held on summary judgment that a land transaction was a nullity under Louisiana law because it lacked proper consideration. 888 F.2d at 1073. On remand to the district court, the nonmoving party sought to introduce evidence not before the prior panel to show that the land transaction was supported by adequate consideration. Id. at 1075. He also sought to introduce new evidence about Louisiana law to show that the prior panel erred as a matter of law. Id. The district court found that these arguments were precluded by the prior panel's holding and did not fall under the "clear error" or "manifest injustice" exceptions to the law of the case doctrine. Id. This court affirmed, saying:

> We might be persuaded that manifest injustice had occurred as a result of the alleged error if Fisher had presented such evidence in the prior proceeding and the previous panel had disregarded the evidence because of a misunderstanding of the law, or if consideration had become an issue only after it reached the appellate level and Fisher had had no opportunity in the prior proceeding to adduce such evidence. The truth is, however, that Fisher flatly failed in the prior proceeding, for reasons best known

to him, to adduce evidence of any consideration, despite his having both the reason and opportunity to do so. . . . Thus, given his opportunity and his puzzling failure to adduce such evidence earlier, we hold that Fisher has not suffered "manifest injustice" simply because the law-of-the-case doctrine may now preclude his tardy introduction of that evidence.

Id. Like the nonmovant in Lyons, Kaster and Farese introduced new evidence about Mississippi law on remand to support their argument that the separation agreement was illegal—an issue that was fully briefed and argued on the first appeal.[1] Their claim fails both because it violates the law of the case under Lyons, and because they are wrong about Mississippi law.

The prior panel held that the separation agreement was neither illegal nor unconscionable. Cooper Tire I, 423 F.3d at 456 ("The district court held that, as a matter of law, and regardless of whether Barnett's affidavit was covered by the separation agreement, that agreement was both illegal and unconscionable. Each ruling is erroneous."). As the prior panel noted, Mississippi courts must look to the state constitution, statutes and caselaw to determine whether an agreement is void under public policy. Id. at 457 (citing Heritage Cablevision v. New Albany Elec. Power Sys., 646 So. 2d 1305, 1313 (Miss. 1994)). Thus, in deciding whether the non-disparagement agreement violated public policy, the prior panel was required to consider (and the parties had the opportunity and incentive to brief) the question of whether the agreement violated any Mississippi statutes. To decide whether the agreement was unconscionable the panel was required to consider, and the parties to brief, the circumstances surrounding the signing of the agreement, as well as its specific terms. In short, the panel considered the Barnett non-disparagement agreement in full and held

---

[1] Unlike the nonmovant in Lyons, Kaster and Farese never argue that one of the exceptions to the law of the case doctrine applies here. Instead they state that their claim does not fall within the law of the case doctrine because MISS. CODE ANN. § 97-9-9 was not before the prior panel.

that it was neither illegal nor unconscionable. Id. This holding became the law of the case, and Kaster and Farese are precluded from relitigating these issues on remand. See Felt, 255 F.3d at 225 ("[T]hose matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue . . . specifically discussed are deemed to have been decided . . . implicitly, and their disposition is law of the case.").

In addition to violating the law of the case, Kaster and Farese's claim also fails as a matter of law. Although section 97-9-9 of the Mississippi Code is over seventy years old, Kaster and Farese cannot point to any Mississippi cases where it has been used to invalidate a non-disparagement agreement or other release. When the Mississippi courts have evaluated releases signed under threat of prosecution, they have relied on ordinary principles of contract interpretation regarding duress or fraud and not anti-bribery law. See Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So. 2d 748, 757 (Miss. 2003) (discussing Mississippi contract law with regard to fraud and duress). In Service Fire Insurance Co. of New York v. Reed, the Supreme Court of Mississippi invalidated a release signed by an insured under threat of criminal prosecution by his insurer. 72 So. 2d 197, 198 (Miss. 1954). The court did not discuss state or federal anti-bribery law when evaluating the release. Id. The court instead looked at the particular circumstances of the insured's situation, including the fact that he was not represented by counsel when he signed the release, that he was an uneducated farm hand, and that the insurance company had the superior bargaining position. Id.; see also Royer Homes, 857 So. 2d at 757 (discussing Reed); cf. Martinez v. Martinez, 860 So. 2d 1247, 1249, 1250–51 (Miss. Ct. App. 2003) (upholding a post-divorce release signed after the wife had filed and dropped criminal charges, and was seeking additional civil damages); Estate of Reaves v. Owen, 744 So. 2d 799, 800–01 (Miss. Ct. App. 1999) (upholding a release from criminal and civil prosecution which was signed following a

stabbing in a domestic violence case). Thus, granting summary judgment on this ground was improper under Mississippi law.

Next, we consider the district court's discussion of contractual ambiguity. Cooper Tire I held that the effective date of the separation agreement was ambiguous, and that under Mississippi law "'where a contract is ambiguous and uncertain, questions of fact are presented which are to be resolved by the trier of facts, [therefore,] the granting of summary judgment is inappropriate.'" 423 F.3d at 456 (quoting Shelton v. Am. Ins. Co., 507 So. 2d 894, 896 (Miss. 1987)). On remand, the district court "respectfully request[ed] guidance on this issue" because it was "the understanding of [the district court] that the bulk of Mississippi law suggests otherwise."[2] Cooper Tire II, 2007 U.S. Dist. LEXIS 1779, at *15. The district court erred in its interpretation of Mississippi law.

In Royer Homes, the Supreme Court of Mississippi stated "[i]f the terms of a contract are subject to more than one reasonable interpretation, it is a question properly submitted to the jury." 857 So. 2d at 752. The court went on to outline its approach to contract interpretation:

> Legal purpose or intent should first be sought in an objective reading of the words employed in the contract to the exclusion of parol or extrinsic evidence. . . .

---

[2] The district court also suggested that the case to which Shelton v. American Insurance Co. cited had been overruled. Cooper Tire II, 2007 U.S. Dist. LEXIS 1779, at *15–16 (criticizing Dennis v. Searle, 457 So. 2d 941, 945 (Miss. 1984)). This was clear error. The case cited by the district court as overruling Dennis only mentions it once, in the footnote of a single-judge concurrence inveighing generally against the overuse of the term "ambiguous" in the law of contracts. Thornhill v. Sys. Fuels, Inc., 523 So. 2d 983, 1007 n.22 (Miss. 1988). Dennis has been cited with approval numerous times post-Thornhill for the proposition that an ambiguous contract should be submitted to a jury. See, e.g., Yowell v. James Harkins Builder, Inc., 645 So. 2d 1340, 1345 (Miss. 1994) (citing Dennis, 457 So. 2d 941 at 945) (stating that "'[t]he interpretation of an unclear contract generally involves questions of fact sufficient so that our summary judgment procedure will be an inappropriate vehicle for final decision'"); Cunningham v. Lanier, 555 So. 2d 685, 687 (Miss. 1989) (same).

> Secondly, if the court is unable to translate a clear understanding of the parties' intent, the court should apply the discretionary "canons" of contract construction. Where the language of an otherwise enforceable contract is subject to more than one fair reading, the reading applied will be the one most favorable to the non-drafting party. Finally, if the contract continues to evade clarity as to the parties' intent, the court should consider extrinsic or parol evidence.

Id. at 753 (internal citations omitted). So under Mississippi law, the principle of interpreting a contract in favor of the non-drafter is considered a discretionary "canon of construction," and Mississippi courts recognize that a contract may be ambiguous even after such canons are applied. Id.

The Cooper Tire I panel held that the effective date of the separation agreement was ambiguous as a matter of law. 423 F.3d at 456. In reaching this determination, the prior panel necessarily had to consider whether the contract's apparent ambiguities could or should be resolved by applying the discretionary canons of construction. See Felt, 255 F.3d at 225 (stating that the law of the case includes matters decided by "necessary implication" of the court's holding). As the district court recognized below, this determination is the law of the case, and the question of whether the effective date of the separation agreement can be determined on summary judgment is now closed.

Cooper Tire I also held that Cooper Tire's claims for tortious interference with contract, tortious interference with business relations, and civil conspiracy involved genuine issues of material fact which should be presented to a jury. 423 F.3d at 459 ("Cooper Tire's claims turn in large part on proving Farese and Kaster's motives and intent. These types of determinations . . . are particularly ill-suited for summary judgment. In short, genuine issues of material fact

preclude summary judgment.") (internal citation omitted).[3] This holding is the law of the case and these three claims should be tried on the merits.

A few issues remain outstanding. Cooper Tire moved for sanctions against Kaster and Farese. It also moved to place certain sensitive documents under seal. The district court denied both motions, and we affirm because we do not find that the court abused its discretion. Cooper Tire also requests that this case be reassigned on remand. We find that reassignment is proper under the three-prong test of In re DaimlerChrysler Corp., 294 F.3d 697, 700–01 (5th Cir. 2002) (reassigning a case where the district court failed to carry out the mandate of the court of appeals on remand). First, given the history of this case on remand, we find that it is reasonable to expect the original judge to have substantial difficulty in putting out of his mind his previously-expressed views with regard to Mississippi law of contract interpretation and the scope of the law of the case. Second, we find that reassignment is advisable in order to preserve the appearance of fairness to nonmovant Cooper Tire after it was denied an opportunity for trial on the merits as mandated by the prior panel. Finally, we find that concerns about waste and duplication do not outweigh the fairness considerations since the underlying facts in the case are not exceptionally complex, and it appears from the docket that the district court has yet to hold any hearings.

---

[3] On remand, the district court found that all three of Cooper Tire's claims depended entirely on the validity of the separation agreement. Cooper Tire II, 2007 U.S. Dist. LEXIS 1779 at *1. Because we hold that the separation agreement was not illegal and remand all three of Cooper Tire's claims for trial, we do not reach the question of whether the district court's holding that all of Cooper Tire's claims depended on the agreement was correct. However, we note that neither civil conspiracy nor intentional interference with business relations requires the existence of a valid contract in order to state a claim. See Cooper Tire I, 423 F.3d at 458–59 (outlining the elements for civil conspiracy and intentional interference with business relations).

## V. CONCLUSION

We REVERSE the judgment of the district court granting summary judgment in favor of Kaster and Farese and AFFIRM its order denying Cooper Tire's motions for sanctions and to place documents under seal. We REMAND for trial on the merits in accordance with the prior panel's holding, and for reassignment by the Chief Judge of the Northern District of Mississippi to another judge.